DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE, OF UTAH.

---

## OCTOBER TERM, 1900.

LUCINDA A. LEBCHER, Appellant, v. GEORGE C. LAMBERT, Respondent.

TESTIMONY ADMITTED WITHOUT OBJECTION — OBJECTIONS WAIVED — NEGOTIABLE INSTRUMENTS—TRANSFER OF NOTE WITHOUT INDORSEMENT —EFFECT OF—ACTION—ON PROMISSORY NOTE—EVIDENCE OF NO INDORSEMENT—EFFECT OF—HOLDER IN POSITION OF ORIGINAL PAYEE—DEFENSE—EVIDENCE—SUFFICIENT TO SUPPORT VERDICT—PARTICULAR CASE—THEORY OF CASE—CANNOT BE CHANGED BETWEEN TRIAL AND APPEAL—PRACTICE—INSTRUCTIONS—GIVEN OR REFUSED—NO EXCEPTION NOTED—CANNOT BE CONSIDERED ON APPEAL.

1. TESTIMONY ADMITTED WITHOUT OBJECTION: OBJECTIONS WAIVED. Where counsel on a trial remain silent and permit testimony, now complained of, to go to the jury, all objections that might legally have been interposed to its introduction are waived and this court will not review the same on appeal.[1]

2. NEGOTIABLE INSTRUMENTS: TRANSFER OF NOTE WITHOUT INDORSEMENT: EFFECT OF. A transferee of a note, made payable to order, without

---

[1]Thirkfield v. Cemetary Assn., 12 Utah 76.

(1)

Lebcher v. Lambert.

indorsement, takes it subject to all equities attached to the note; and this although the holder was a bona fide holder for value; he stands in the position of an assignee; he may transfer the note, but he owns and transfers it subject to the rules applicable in case of an assignment of any chose in action; and although he subsequently obtains the indorsement, if he has in the meantime acquired knowledge of the equities, or if the indorsement be after maturity, he still holds the instrument subject to the same defenses.

3. ACTION: ON PROMISSORY NOTE: EVIDENCE OF NO INDORSEMENT: EFFECT OF: HOLDER IN POSITION OF ORIGINAL PAYEE: DEFENSE. Respondent having produced evidence at the trial tending to prove that the indorsement on the note was not made by payee and that appellant purchased the note, if at all, after maturity, he was entitled to avail himself of and prove any defense that he could have interposed had the action been brought by payee.

4. EVIDENCE: SUFFICIENT TO SUPPORT VERDICT: PARTICULAR CASE. Where the great preponderance of the evidence, as shown by the record, supports the theory and contention that the indorsement was not made by payee, but was a forgery; that appellant, at the time she claims to have purchased the note, was the wife of payee; that no attempt was made to collect the note until after the death of payee, and for more than a year after it became due; that payee visited Salt Lake City, the residence of the maker of the note, and after its maturity, partly on business connected with it; that payee retained the note after maturity, and that appellant was not a bona fide holder before maturity, there is sufficient evidence to support a verdict by the jury in favor of respondent, defendant below, and it will not be disturbed on appeal.

5. THEORY OF CASE: CAN NOT BE CHANGED BETWEEN TRIAL AND APPEAL. For an appellate court to permit a party who has tried his case in the lower court wholly or in part on a certain theory, which theory was acted on by the trial court, to change his position and adopt another and different theory on appeal, would be not only unfair to the trial court but manifestly unjust to the opposing litigant; especially when, as in the case at bar, respondent insisted on trying the case in the lower court on the theory now contended for in part by appellant, but which, in pursuance of objections made by her, was overruled by the court.

6. PRACTICE: ISTRUCTIONS: GIVEN OR REFUSED: NO EXCEPTION NOTED: CAN NOT BE CONSIDERED ON APPEAL. An appellate court will not re-

view instructions given or refused unless exceptions to the giving or refusal are taken at the time.

Decided December 10, 1900.

Appeal from the Third District Court, Salt Lake County.— *Hon. A. G. Norrell,* Judge.

Action upon a promissory note. From a judgment for defendant plaintiff appealed.

AFFIRMED.

*Richard B. Shepard, Esq.,* and *Allen T. Sanford, Esq.,* for appellant.

The court erred in allowing certain witnesses, for the defense, to give expert testimony by comparing the signature of David Lebcher, on the back of the note in question, with certain unproven signatures attached to letters purported (not proven or admitted) to have been written or signed by David Lebcher.

The true rule, as laid down by Mr. Rogers in his work on Expert Testimony (1 Ed.), section 142, is: "That the proof of the genuineness of the instrument offered (for comparison) must be positive. It should be proved either by the admission of the party, when the standard is not offered by himself, or else by the testimony of persons who testify directly and positively to having seen the party write the paper." Pavey v. Pavey, 30 Ohio St. 600; Calkins v. State, 14 O. St. 222, 228; Bragg v. Calwell, 19 Ohio St. 412; Eborn v. Templeman, 47 Texas 503, 518; Martin v. Maquire, 7 Gray (Mass.) 177; Baker v. Haines, 6 Whar. (Pa.) 291; Dupue v. Place, 7 Penn. St. 429.

Lebcher v. Lambert.

The verdict of the jury was contrary to the law and the evidence.

Possession of a promissory note is prima facie evidence of ownership. Our own court has passed upon this question, and in so doing adopted our view of the case. Voorhees v. Fisher, 9 Utah 303; Johnston v. Meaghr, 14 Utah 427; Commissioner v. Clark, 94 U. S. 278; Bank v. Burgwyn (N. C.), 17 Lawyers Repts. Anno., 326; Anno. case; Battles v. Landenslager, 84 Pa. St. 446; Murray v. Lardner, 2 Wall. 110; Bank v. Crow, 60 N. Y. 85; Goodman v. Harvey, 4 Adol & E. 870; Bank v. Chapin, 8 Metc. (Mass.) 40; Miller v. Ottaway, 81 Mich. 196; 45 N. W. Rep. 665; Burrough v. Moss, 10 Barn. & C. 558; Adams v. Smith, 35 Me. 324; Daniels on Neg. Instruments (3 Ed.), sec. 573; Eggan v. Briggs, 23 Kas. 710; 1 Greenleaf on Evidence, sec. 34; 2 Rice on Evidence, 1124.

Possession of a note, whether obtained before or after maturity, is prima facie evidence of ownership. The averment of a valuable consideration for the transfer to the plaintiff is generally immaterial. The transfer, with or without value, confers upon the holder the right of action; and a consideration need not be proved, unless a defense is interposed which would otherwise preclude a recovery. McCann v. Lewis, 9 Cal. 246; James v. Chalmers, 5 Sand. (N. Y.) 52; James v. Chalmers, 2 Seld. (N. Y. App.) 209; Wicks v. Adirondack Co., 4 Thompson & Cook (N. Y. S. C.) 250; Seeley v. Engell, 17 Barb. (N. Y. S. C.) 530.

*John M. Cannon, Esq.,* and *Barlow Ferguson, Esq.,* for respondent.

After proving the signature of David Lebcher on the contract by two witnesses, and proving the signature on letters introduced by two witnesses as herein set forth (without objec-

tion or exception by plaintiff or her counsel), expert witnesses were properly permitted to testify and compare the writings on the note, contract and letters. State v. Thompson, 80 Me. 194; 6 Am. St. Rep., 172, which cites many authorities in point; Tucker v. Kellog et al., 8 Utah 11, 28 Pac.. 870, and authorities cited; Durness v. Sowden, 5 Utah 216, 14 Pac. 333; see also Moore v. U. S. 91 U. S. 270, and to the same effect; Bank v. Root Metc. (Mass.) 523; Tuttle v. Rainey, 98 N. C. 513, 4 S. E. Rep. 475.

Under the rule adopted and followed by the Supreme Court of the United States, the court did not err in permitting witnesses for the defense to testify to the signature upon the contract and the letters marked for identification 1 to 13, and 15 to 17, inclusive, and compare them with the signature on the back of the note, especially where there is no objection to such ruling by plaintiff or her counsel. The same ruling has been made by the Supreme Court of this State. Durnell v. Sowden, 5 Utah 216, 14 Pac. Rep. 334; Tucker v. Kellogg et al., 8 Utah 11, 28 Pac. Rep. 879.

It is the established rule in many states that the genuineness of the disputed signature may be proved by comparison with other signatures on other instruments in writing, admitted or proved to be genuine. Holmberg v. Jensen, 25 Pac. (Kan.) 575, 576; Ort v. Fowler, 31 Kan. 478, 2 Pac. 580; Wordman v. Dana, 52 Me. 9; State v. Hastings, 53 N. H. 452; State v. Wand, 39 Vt. 225; Tyler v. Todd, 36 Conn. 218; Koons v. State, 36 Ohio St. 195; Rhodes v. Sexton, 33 Ia. 340.

While the rule is as stated by plaintiff's counsel, that possession is prima facie evidence of ownership, it must be remembered that not only delivery, but *indorsement* is necessary to constitute the holder a purchaser in the ordinary course of business or a bona fide holder. Randolph on Commercial

Paper, p. 678; 1 Daniel, 731; 1 Edwards, sec. 519; Mills v. Porter, 5 T. & C. 63; Losse v. Bissell, 76 Penn. St. 459; Gibsen v. Muller, 29 Mich. 355; Bilderbach v. McConnell, 48 Mich. 345; Allum v. Perry, 68 Me. 232; Boody v. Bartlett, 42 N. H. 558; Sturges v. Miller, 80 Ill. 241.

Such, if it could be called error, is not a reversible error. This court has already decided that "there was no exception on referring to the objectionable matter taken at the time of its rendition, this court will not review such on appeal;" and also, "that where the court states objectionable matter in its charge to the jury, in order to avail the appellant on appeal an exception must be taken at the time of its rendition to the specific matter which is the subject of complaint, so that the judge's attention may be called to it, and an opportunity offered him to make a correction." This rule is so well settled that it requires no citation of authority. Thirkfield v. Cemetery Association, 12 Utah 76, 79; Barborn v. Flick, 59 Pac. 122.

### STATEMENT OF FACTS.

This is an action to recover on a promissory note executed and delivered by respondent, George C. Lambert to David Lebcher. The note reads as follows:

"$600.00        Salt Lake City, Utah, May 11, 1892.

"Two years after date, for value received, I promise to pay to David Lebcher, or order, six hundred dollars, negotiable and payable at Salt Lake City, Utah, without defalcation or discount, with six per cent interest per annum from date thereof until paid, both before and after judgment, interest payable at maturity.

"GEORGE C. LAMBERT."

David Lebcher (payee) died on the twenty-eighth day of March, 1895, at Akron, Ohio, where plaintiff at the time resided and continued to reside up to the time of the commencement of this action. Defendant Lambert refused to pay the note and Lucinda Lebcher, widow of decedent Lebcher (payee) and only heir to his estate, brought suit in the district court in and for Salt Lake County, Utah, on the eleventh day of July, 1895, to recover from defendant the principal of said note and interest thereon claiming to be the legal owner of the note for a valuable consideration. Lambert answered admitting the execution of the note but denied that the same had been duly transferred to plaintiff, Lucinda Lebcher, or that she was the legal holder and owner of the note; also denied that the note was sold or transferred or indorsed to plaintiff by the owner thereof before maturity, or at any other time, or that the plaintiff was a bona fide owner for value.

Defendant further answered plaintiff's complaint, and in substance, alleged: That in consideration of the execution and delivery of said note by George C. Lambert to said David Lebcher, he, the said Lebcher, undertook to and agreed to plant seven acres of grapevines in good condition and insure the growth of said vines. That said David Lebcher planted said vines in the spring of 1892 and that said vines never grew, having been in bad condition at the time of planting, and having been planted a month later than they should have been. That David Lebcher promised to but failed to replant said vines. That defendant, in addition to the loss of said vines, lost the use of the land upon which they were planted for a period of three years. That therefore defendant received no consideration for said note, and that there was no other or further consideration for the same.

Plaintiff introduced in evidence the note which purported to be indorsed in blank by David Lebcher, and rested.

Several witnesses for defendant testified that they were familiar with the signature of David Lebcher and that the indorsement on the note in question was not made by Lebcher. Other witnesses, some of whom were skilled accountants and had had much experience in the comparison of signatures, examined the indorsement on the note and compared it with the signatures to certain letters and documents purported to have been written by David Lebcher, one of which was admitted to be his signature, and testified that in their judgment the signature on the back of the note and those to the letters and documents were not made by the same person. One witness, an expert, testified for plaintiff that in his judgment the indorsement on the note and the signature to the letters and documents referred to were made by the same person. There is evidence in the record showing that nearly two years after plaintiff claims to have purchased the note, it was still in the possession of and owned by David Lebcher, the payee. Defendant, all through the trial, persistently offered evidence to prove failure of consideration; also offered in evidence the following letter written to the defendant by C. Weirick, who at the time, was the agent of the appellant (plaintiff below):

"May 17, 1895.

"Mr. George C. Lambert.

"Dear Sir:—Mr. Lebcher, deceased, of this place, holds a note of $600 against you. As we are settling up the estate as fast as possible, we would like to know when you can meet this note. It is past due. It bears interest at six per cent for three years.          Respectfully,

"C. WEIRICK.

"Box 104, Akron, Ohio."

This letter, together with all evidence tending to sup-

port the allegations in defendant's answer of failure of consideration for the note, was objected to by plaintiff, her counsel at the time announcing that they relied for recovery on the ground that plaintiff was a bona fide purchaser and holder before maturity of the note, whereupon the court sustained the objection and rejected all testimony offered by defendant tending to show failure of consideration for the note on the part of David Lebcher (payee). Counsel for plaintiff introduced in rebuttal, depositions, wherein she claims to be a bona fide legal holder and holder before maturity, for a valuable consideration of the note in question. She testified that David Lebcher indorsed the note, but did not know where, when, or in whose presence he signed his name on the back thereof. The evidence showed also that after maturity of the note, and after plaintiff alleges she became the owner of it, David Lebcher (payee) came to Salt Lake City and consulted the defendant and other parties about the transaction for which the note was given, and that at the time he claimed to be the owner and in possession of the note. The issues were tried by a jury who returned a verdict for defendant, no cause of action.

McCARTY, District Judge, after stating the facts, delivered the opinion of the court:

Appellant relies mainly upon two assignments of error for reversal of the judgment in this case. The first error alleged is, that the court erred in allowing witnesses for the defendant to testify as to the genuineness of the signature of David Lebcher upon the back of the note in question by comparison with what appellant claims to be the unproven signatures to certain letters purported to have been written and signed by said Lebcher. No objections were made nor exceptions taken

to the introduction and admission of this evidence. Counsel for appellant having remained silent and permitted the testimony complained of to go to the jury, waived all objections, if any, that might legally have been interposed to its introduction, therefore this court will not review the same on appeal. Thirkfield v. Cemetery Assn., 12 Utah 76; Elliott on App. Proc., sec. 674, and cases cited.

In their second assignment of error counsel for appellant, relying on the rule of law that possession of a promissory note is prima facie proof of ownership, contend that it was immaterial whether the signature on the back of the note under consideration was written by Lebcher or not. That plaintiff having proved her possession of the note and non-payment by the defendant, was entitled to a verdict. And that the court erred in refusing to set aside the verdict and grant a new trial.

The doctrine is elementary that the title to a promissory note, drawn in the form of the one under consideration, passes by sale and delivery without indorsement, and that the possession of the note so transferred is prima facie proof of ownership, but when so transferred without the indorsement of the payee it does not carry with it any of its otherwise negotiable features and the party purchasing it takes it subject to all equities and defenses, if any, that exist between the original parties to the note. Mr. Norton, in his work on Bills and Notes (3 Ed.), p. 203, lays down the following terse, and, we think, correct rule: "That a transferee of a note made payable to order without indorsement takes it subject to all equities attached to the note; and this although the holder was a bona fide holder for value. The transferee stands in the position of an assignee, he owns the note. He in turn may transfer it, but he owns and transfers it subject to the rules applicable in case of an assignment of any other chose in action.

And although he subsequently obtains the indorsement, if he has in the meantime acquired knowledge of the equities, or if the indorsement be after maturity, he still holds the instrument subject to the same defense." G. N. Bank v. Bingham, 118 N. Y. 349.

The respondent having produced evidence at the trial tending to prove that the indorsement on the note was not made by David Lebcher and that the appellant purchased the note, if she purchased it at all, after maturity, he was entitled to avail himself of and prove any defense that he could have interposed had the action been brought by David Lebcher himself. But, as shown by the record, appellant all the way through the trial of the case persistently contended that she was a bona fide holder in due course before maturity of the note, and that she based her right to recover on that ground, and in pursuance of this contention and objections made by counsel for plaintiff the trial court excluded all evidence offered by defendant tending to prove failure of consideration on the part of David Lebcher—evidence that was both competent and material for that purpose. Randolph on Com. Paper, sec. 565; Hubbard v. Galusha, 23 Wis. 398; Jones v. Buffum, 50 Ill. 277.

In order to constitute appellant a bona fide holder in due course of the note in question, both indorsement and delivery of the same before maturity to her by David Lebcher was necessary. Rev. Stat., sec. 1582; 2 Randolph on Com. Paper, secs. 687, 689, 988.

The great preponderance of the evidence, as shown by the record, supports the theory and contention of respondent, that the indorsement on the back of the note was not made by David Lebcher, but was a forgery. The jury no doubt so found, and, we think, rightly. Appellant was, at the time she claims to have purchased the note, the wife of David Lebcher (payee).

She made no attempt to collect it until after his death, and for more than a year after it became due, notwithstanding her husband, from whom she claims to have obtained the note, came to Salt Lake, after its maturity, on business in part connected with the transaction out of which the alleged consideration for the execution of the note arose. And there is evidence, as shown by the record, which, if believed by the jury, was sufficient to support a finding that David Lebcher was the owner of and retained possession of the note after its maturity and after appellant claims to have purchased it, and that appellant was not a bona fide holder before maturity. These issues having been fairly submitted to the jury their decision is final and this court can not disturb the verdict as there is evidence to support it.

Counsel for appellant devote considerable space in their reply brief to the discussion of the proposition that, as a question of law, appellant was entitled to recover because no evidence was introduced to support defendant's defense of a failure of a consideration for the note on the part of David Lebcher. All evidence on this point having been excluded by the trial court in pursuance of objections made by appellant's counsel, and their repeated declarations that they relied for recovery on the ground that appellant was a bona fide holder in due course before maturity of the note, that question can not now be considered, because this court will not reverse the case on some point which counsel for appellant in the lower court contended was not an issue, and which that court, in pursuance of such contention, in effect eliminated from the case. For this court to permit a party, who has tried his case in the lower court wholly or in part on a certain theory, which theory was acted on by the trial court, to change his position and adopt another and different theory on appeal, would be not only unfair to the trial court, but manifestly unjust to the

State ex rel. v. City Council.

opposing litigant. And especially would this be true where, as in the case at bar, respondent insisted in the lower court on trying the case on the theory now contended for in part by appellant, but which, in pursuance of objections made by her, was overruled by the court. Elliot on App. Pro., sec. 490, and cases cited.

This doctrine is so well settled we deem further citation of authorities unnecessary.

Appellant complains of and assigns as error the giving of certain instructions by the court to the jury, and the refusal of the court to give certain instructions asked for by appellant, but as no objections were made at the time to the giving of the instructions complained of, and no exceptions taken to the court's refusal to give those asked for by appellant, this court will not review the same on appeal.

We find no reversible error in the record. The judgment of the trial court is therefore affirmed. The costs of this appeal to be·taxed against appellant.

*Bartch, C. J.,* and *Baskin, J.,* concur.