A. D. WILSON, Appellee, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Overflowed land:** INJURY TO CROPS: MEASURE OF DAMAGES: INSTRUCTIONS: PREJUDICE. The difference in the fair market value of land with the crops thereon, just prior to its overflow, and

its fair value immediately thereafter, is not the proper measure of damages suffered .by a tenant suing simply for injury to the crops; but where the court lays down that rule, as the measure of damages for injury to the growing crops, though it was not requested by a defeated party, but the same was consistent with rulings upon such party's objections to evidence, he must abide by the rule there contended for, and can not shift his position on appeal with respect thereto. It is further held that as the witnesses in arriving at the value of the land before and after the flood took into account nothing but the value of the growing crops, they must have reached the same result as though they had been examined on the question of damage in accordance with the correct rule, and no prejudice therefore resulted by reason of the incorrect rule.

**Same:** INSTRUCTION: PREJUDICE. An instruction in this action by the tenant for injury to his growing crops, that if it was evident to plaintiff that it was useless to plant any part of the land to crop because of the certainty of its being flooded and destroyed, he could not recover, unless defendant's agent assured him before planting that the defect causing the flood of previous years would be remedied, was not warranted by the evidence, and cast an undue burden upon plaintiff, but it was nonprejudicial to defendant.

*Appeal from Wapello District Court.*—HON. FRANK W. EICHELBERGER, Judge.

FRIDAY, JULY 2, 1909.

REHEARING DENIED, FRIDAY, OCTOBER 1, 1909.

THIS is an action for damages for alleged destruction of crops resulting from the flooding of plaintiff's field through the alleged negligence of the defendant. The answer was a general denial. There was a verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Carroll Wright, J. L. Parrish,* and *W. D. Tisdale,* for appellant.

*Steck, Daugherty & Steck,* for appellee.

EVANS, C. J.—The plaintiff was a tenant, from year to year, of the lands alleged to have been flooded, and had no other interest in the land, or the ownership thereof. His contention was that in June, 1905, the land occupied by him as tenant was flooded through the negligence of the defendant, and that his crops growing thereon were destroyed on certain acreage thereof. He was a tenant occupying the same land in 1906, and his crops growing on a part of the land were similarly destroyed in that year. He made no claim of injury to the land as distinguished from the injury to the growing crop.

The trial court instructed the jury that the measure of his damage, if any, in 1905 was the difference in the fair market value of the land overflowed, with the crops thereon, just before the overflow in 1905 and the fair market value thereof immediately after the overflow. The same measure of damage was applied also to the recovery claimed for the year 1906. The appellant assigns error in the giving of such instruction, and contends that the rule of measure of damages adopted by the court in such instruction is not applicable to the case of a tenant from year to year. This contention is clearly correct. *Blunck v. Chicago Northwestern Railway Co.,* 142 Iowa, 146. Appellant's counsel concede that the instruction was erroneous. Their contention is that they opposed this rule in the trial court, and that the defendant contended for it, and that the trial court sustained the contention of the defendant, and that the defendant ought to be required to abide now by the rule for which it contended then, regardless of its abstract incorrectness. It appears from the record that plaintiff's petition was framed in accord with the correct rule of the measure of damage in such case. It set forth the kind of crops, and the acreage of each that was alleged to be destroyed, together with the value thereof. Plaintiff offered evidence in

1. OVERFLOWED LAND: injury to crops: measure of damages: instructions: prejudice.

support of these allegations with much persistency, in the face of .objections urged by defendant and sustained by the court. The general ground of objection to this offered evidence was that it was immaterial, irrelevant, incompetent, and not a proper measure of damages. In one instance defendant affirmatively contended before the trial court that "the measure of damage is the difference of the value of the land in the position it was before the flood and its value after the flood." It is clear that the trial court ought to have overruled these objections on the part of the defendant, but it solved its doubts on the question in favor of the defendant, and adopted the rule affirmatively contended for by the defendant, and, in effect, required the plaintiff to conform his evidence to that rule, or necessarily suffer a nonsuit. The plaintiff thereupon offered evidence in conformity to such rule. The defendant urged objection to this line of evidence also, but these objections were overruled, and the defendant as appellant asks a review of these later rulings, and of the instruction of the court on that question.

It is clear to us that the defendant is not in a position to complain of the rule adopted by the trial court under these circumstances. We have repeatedly held that an appellant may not complain of an incorrect instruction if it is in accord with a request made by appellant at the trial. In this case the defendant did not request the particular instruction given, nor did it request any instruction on that subject, but it did affirmatively contend for this rule, and obtained a favorable ruling from the trial court in its adoption. It cannot, on appeal, change front to meet the new necessities of the case. We base this holding upon defendant's affirmative contention above quoted, as distinguished from its mere objections to proffered evidence.

We are impressed, also, from the record that the defendant could have suffered no prejudice by this error of

the court.   It appeared from a cross-examination of each
witness that in making his estimates of the value of the
land before and after the flood, and arriving at the differ-
ence, he took into account nothing but the value of the
growing crop then on the field.   The plaintiff, himself,
testified that there was no damage to the land as such,
and there was no evidence to the contrary.   It is mani-
fest, therefore, that the witnesses reached the same result
in their estimate, though in an irregular way, as they
would have reached if they had been permitted to testify
to proper details, and along correct lines.   The jury had
the benefit of the basis upon which their judgment was
formed.   True, the details of fact and data upon which
the witnesses based their estimates of the value of the
growing crops was lacking in large part.   But this lack
did not result from any failure of plaintiff to offer proof
thereon.   On the contrary, defendant diligently objected
to such offer, and the trial court' erroneously sustained
its objections.   Upon the whole record we think it must
be said that the defendant is in no position to claim preju-
dice.   The rule which it asked for. in the presentation
of evidence was consistently carried into the instructions.

II.   The defendant took the position in the trial
court that the plaintiff was not entitled to recover for
alleged damages sustained in 1906, on the ground that
he knew, when he planted his crops in the
spring of 1906, that they would be destroyed.

2. SAME:
   instruction:
   prejudice.

The trial court instructed the jury to the
effect that, if it was fully evident to the plaintiff that it
was useless to plant a crop upon any part of the land,
because it was certain to be flooded and destroyed, then
he could not recover for such part of the crop as was
destroyed, unless they should find that the plaintiff had
received assurances from the duly authorized agents of the
defendant, before planting the crop, that the defendant
company would remedy the defect which caused the flood

of the previous year. Evidence was received on behalf of plaintiff of conversations between him and the road-master, and between him and the general superintendent, and between him and the attorneys of record in this case, on that subject. Complaint is made of this evidence, and of the instruction of the court in relation thereto, because there is no proof that any of the parties named had any authority to bind the company in relation to the subject of their conversation. We have no occasion to pass upon this question. The instruction, as it was, gave the defendant more than it was entitled to, even with the qualification of which defendant complains. There was nothing disclosed by the evidence which justified the court in giving this instruction at all. The giving of it was prejudicial to plaintiff, and not to defendant. The right of the plaintiff to recover for alleged damages suffered in 1906 rested upon the same legal rule as his right to recover damages for 1905. If plaintiff had refrained from planting any crop in the season of 1906, and no flood had afterwards overflowed the land, to whom could he look to recoup him for his loss of the use of the land? The land had never been flooded but once prior to 1905. The instruction had no basis in the evidence. It laid an undue burden on plaintiff, and was nonprejudicial to defendant.

III. It is urged that the verdict is excessive. The plaintiff sued for $780. The evidence introduced tended to sustain his claim for that amount. The verdict was for $694. This included interest for more than one year. It must be said that the amount is quite liberal, but it cannot be said that it is not fairly supported by evidence.

No other errors are urged. The judgment below must therefore be *affirmed.*