[Civ. No. 1751. First Appellate District.—January 14, 1916.]

## GEORGE W. MERRILL, as Administrator, etc., Respondent, v. M. S. KOHLBERG, Appellant.

DAMAGES—BREACH OF CONTRACT—PLEADING—SUFFICIENCY OF EVIDENCE —GENERAL VERDICT.—Where in an action for damages for breach of a contract to purchase goods to be manufactured and delivered, the complaint purports to state a cause of action in two counts, one upon an oral contract and the other on a written contract, and the evidence is amply sufficient to support the finding of the jury implied from the general verdict that the defendant breached the oral contract, the insufficiency of the evidence to establish the breach of the written contract becomes immaterial.

ID.—STATUTE OF FRAUDS—SIGNING OF MEMORANDUM—PART RECEIPT.— Where it is pleaded and proven that the written memorandum of the contract relied upon in the first count of the complaint was signed by the defendant and also that the defendant received and accepted part of the goods, the right of the plaintiff to recover is not inhibited by the statute of frauds.

ID.—MEASURE OF DAMAGES—TRIAL UPON ERRONEOUS THEORY—APPEAL— RULE.—Where the counsel for the defendant insisted over the plaintiff's protest that the trial should proceed upon the erroneous theory that the measure of damages was covered and controlled by sections 3311 and 3353 of the Civil Code, which in effect declare the measure of damages for the breach of a buyer's agreement to purchase personal property is the difference between the contract price and the market value, he cannot insist upon appeal that the plaintiff's damages should have been established under section 1512 of such code, which in effect provides the measure of damages in cases of prevention of performance of contracts to be the difference between the cost of manufacture and the contract price.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Wise & O'Connor, for Appellant.

Philip Bancroft, for Respondent.

LENNON, P. J.—In this action for damages for breach of contract the plaintiff upon the verdict of a jury recovered

a judgment against the defendant in the sum of three thousand dollars, from which and from an order denying a new trial the defendant has appealed.

The plaintiff's complaint purported to state a cause of action in two counts,—one upon an oral contract and the other upon a written contract. The first count in substance alleged that in the month of May or July, 1907, the defendant at Jersey City, state of New Jersey, entered into a contract with Harriett S. Hall, plaintiff's testatrix, a memorandum of which was signed and delivered to her on the tenth day of July, 1907, by the defendant, whereby it was agreed that she would sell to the defendant one thousand two hundred dozen pairs of gloves of a quality known as the 2074 M. C., at the rate of $9.50 per dozen, to be delivered each month commencing with the month of December, 1907; that the gloves were to be manufactured by said Harriett S. Hall upon receiving from the defendant, a sufficient length of time in advance of the manufacture to enable her to comply with the desires of the defendant, specifications designating the sizes and colors in which he desired the gloves to be manufactured and delivered; that such specifications were made and furnished by the defendant for 275 dozen pairs of gloves, which were actually manufactured, delivered to and accepted by the defendant and paid for; that notwithstanding the fact that said Harriett S. Hall performed all of the conditions of said contract on her part to be performed, and was at all times ready and willing to deliver the gloves contracted for to the defendant at the rate of two hundred dozen pairs per month, the defendant continually, intentionally, and in breach of said contract failed to specify the sizes or colors in which the remaining deliveries of gloves were to be made, and finally, on July 10, 1908, informed said Harriett S. Hall that he was not in a position to take any more gloves from her, and would not accept any further delivery of gloves contracted for, and that he would not pay for the same if they were delivered, all of which it was alleged prevented said Harriett S. Hall from manufacturing and delivering the full quantity of the gloves called for by the contract. Then follows an allegation to the effect that said Harriett S. Hall could have manufactured and delivered the remaining 925 dozen pairs of gloves at a total cost to her of $4.62 per dozen, which would have resulted

in a net profit to her of $4.87 per dozen pairs, and that as a consequence of the refusal of the defendant to perform his part of the contract she was damaged in the sum of $4,514.

The second count of the plaintiff's complaint consisted of a restatement of the allegations of the first cause of action in every particular save and except that the contract was specifically alleged to have been expressed in writing.

The defendant, answering, denied all of the material allegations of the plaintiff's complaint, and at the same time cross-complained upon a purported cause of action for damages in the sum of $2,636.25, based upon the alleged refusal of the plaintiff's testatrix to manufacture and deliver to the defendants the full quantity of the gloves called for by the contract. The defendant, however, does not appear to be dissatisfied with the verdict and judgment entered against him upon the issues raised by the cross-complaint, and therefore that phase of the case need not be further adverted to.

The principal point presented in support of the appeal is that the evidence adduced at the trial is not sufficient to support a finding which it is insisted, in order to support the judgment, must be implied from the verdict of the jury to the effect that the contract pleaded and relied upon for a cause of action in the second count of the plaintiff's complaint consisted of a valid and binding obligation. Conceding, without deciding, the question as to whether or not the contract relied upon in the second count of the plaintiff's complaint was defective in the several particulars claimed by counsel for the defendant, nevertheless the judgment and verdict must stand.

The vice of the argument of counsel for the defendant made in this behalf is to be found in the erroneous assumption that a finding of the validity of the alleged written contract was essential to support the verdict. The verdict was general in its terms, and consequently covered every issue in the case, and must be upheld if it finds support in the evidence adduced upon the whole case. The evidence proffered and admitted in support of the plaintiff's case was not directed or limited to any particular phase of the case, and as a matter of course it was not essential to a recovery by the plaintiff that he should establish the due execution and breach by the defendant of both an oral and written con-

tract. Proof of either would suffice to warrant and support
a judgment in his favor. An inspection of the record satis-
fies us that the evidence adduced upon the whole case is amply
sufficient to support the finding of the jury implied from the
verdict that the defendant entered into and subsequently
willfully and without just cause breached the oral contract
alleged and relied upon for a cause of action in the first count
of the plaintiff's complaint; and therefore, conceding the
correctness of the defendant's contention concerning the in-
sufficiency of the evidence to support the implied finding of
the execution and breach of an express contract, the verdict
and judgment must stand.

Incidentally it is urged that even though the evidence shows
the execution and breach of the oral agreement pleaded in
the first count of the complaint, the plaintiff was not as a
matter of law entitled to recover thereon, because *prima facie*
it was inhibited by the statute of frauds. The answer to this
contention is that the plaintiff's complaint pleaded, and the
evidence adduced in support thereof showed that a written
memorandum of the contract relied upon in the first count
of the complaint was signed by the defendant, the party to be
charged. Moreover, the plaintiff's complaint alleged—and
the allegation is amply supported by the evidence—that the
plaintiff's testatrix manufactured and forwarded 275 dozen
pairs of gloves pursuant to the terms of the contract, which
the defendant received and accepted. These pleaded and
proven facts were sufficient to take the contract in question
without the statute of frauds. (Code Civ. Proc., sec. 1973.)

Evidently the case was tried upon the suggestion of coun-
sel for the defendant, and despite the persistent protest of
counsel for the plaintiff, upon the theory that the measure of
the plaintiff's damage was covered and controlled by the pro-
visions of sections 3311 and 3353 of the Civil Code, which
in effect declare that the measure of damages for the breach
of a buyer's agreement to purchase personal property is the
difference between the contract price and the market value.
It is now insisted upon behalf of the defendant that the
plaintiff's damages should have been established under the
provisions of section 1512 of the same code, which in effect
provide that the measure of damages in cases of the character
pleaded and proven by the plaintiff in the present case is the

difference between the cost of manufacture and the contract price.

There would be much force in this contention if it were not for the fact that the record shows that the counsel for the defendant insisted that the trial of the case should proceed upon the theory that the measure of the plaintiff's damage was the difference between the contract price and the market value of the goods contracted for.

The plaintiff pleaded a cause of action which proceeded upon the theory that the gloves contracted for were not manufactured by plaintiff's testatrix because of the defendant's refusal to keep his part of the contract, and clearly contemplated that the measure of the plaintiff's damage resulting from the defendant's prevention of the plaintiff's performance of the contract would be the difference between the contract price and the cost of manufacture, as provided in section 1512 of the Civil Code. Counsel for the plaintiff endeavored to present the case upon that theory, but was thwarted in his efforts to introduce evidence of the cost of manufacture by the insistent and successful objections of the counsel for the defendant that "such evidence was incompetent, irrelevant and immaterial, as the true measure of damages was the difference between the contract price of $9.50 per dozen pairs of gloves, and the market price of the gloves at the nearest market—Jersey City; and that plaintiff's theory of damages as set forth in the first amended complaint, viz., the difference between the cost of manufacture of the gloves and the contract price was erroneous." Upon this objection being sustained by the trial court over the protest of the plaintiff, permission was asked and granted to amend the plaintiff's complaint to meet the objection and conform to the ruling of the court. Thereafter counsel for the respective parties and the trial court proceeded in the trial of the case upon the theory that the measure of the plaintiff's damage was the difference between the market value at the nearest market and the contract price.

After having led the court into error and compelled counsel for the plaintiff to adopt and conform to an erroneous theory for the trial and determination of the case, it surely does not lie in the mouth of the defendant to insist in support of the appeal that the case should have been tried upon the theory first adopted by the plaintiff, which counsel for the defendant

now contends to be the correct one. (*Durkee* v. *Chino Land etc. Co.,* 151 Cal. 561, [91 Pac. 389]; *Hasler Co.* v. *Griffing etc. Co.,* 133 Ill. App. 635; *Wilson* v. *Chicago etc. Ry. Co.,* 144 Iowa, ·99, [121 N. W. 1102].)

The opinion of the supreme court of the state of Utah in the case of *Lebcher* v. *Lambert,* 23 Utah, 1, [63 Pac. 628], in disposing of a similar point, aptly applies to the situation presented here. In that case the court said that "To permit a party who has tried his case wholly or in part on a certain theory, which theory was acted on by the trial court, to change his position and adopt another and different theory on appeal, would not only be unfair to the trial court, but manifestly unjust to the opposing litigant; and especially would this be true where, as in the case at bar, respondent insisted in the lower court on trying the case on the theory now contended for by appellant but, in pursuance of objections made by her, was overruled by the court." It should be noted in passing that the counsel who now raises this point is not responsible for the objection made during the trial, he not having participated therein.

The complaint as amended by leave of the court during the trial alleged that the nearest market for the gloves contracted for was the city of New York in the state of New York. This allegation was not denied in the amended answer of the defendant filed during the trial and after the plaintiff's complaint had been so amended. This being so, it is an admitted fact in the case that the city of New York was the nearest market for the gloves contracted for, and therefore the defendant will not now be heard to complain that there was no evidence of the market value of the gloves in Jersey City, where delivery was to be made under the terms of the contract.

The plaintiff's pleading and proof are not at variance. True it is that the plaintiff alleges that the plaintiff's testatrix performed "all the terms and conditions of the contract on her part to be performed," and the evidence shows that she did not manufacture and deliver the full quantity of gloves contracted for. But the allegation of the complaint in this particular, considered and construed in conjunction with other allegations of the complaint, may be fairly said to mean no more than that plaintiff's testatrix duly performed all the conditions of the contract on her part to be per-

formed up to the time she was prevented from further performance by the wrongful conduct of the defendant. And even if that were not the correct construction of the plaintiff's pleading, the worst that could be said of it is that it was ambiguous and uncertain—a fault which cannot be availed of here in the absence of a special demurrer.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 13, 1916.