F. O. AKIN, Appellee, v. MADISON COUNTY, Appellant.

BRIDGES: County Bridges—Narrow Approach—Contributory Negligence. Evidence reviewed and *held* insufficient to charge plaintiff with contributory negligence, *per se,* in the manner in which he drove, during the night time, upon a bridge approach, narrowed somewhat by rains.

NEGLIGENCE: Contributory Negligence—Intoxicating Liquors as Accompanying Circumstance. The fact that plaintiff had in his possession at the time of an accident an unopened case of beer,

while a circumstance proper for the jury's consideration, is not such circumstance that the court can attach thereto any particular effect as a matter of law.

**TRIAL:** Instructions—Form, Requisites and Sufficiency—Correct but 3 Not Explicit—Waiver. If instruction is correct as far as it goes, though not as explicit as desired, request must be made for the more explicit instruction, or the right thereto, if it exists, will be waived. So *held* as to an instruction submitting the question of contributory negligence.

**DAMAGES:** Measure of Damages—Value of Use of Automobile— 4 Cost of Operation. The question of the value of the use of an automobile is properly submitted under unquestioned testimony as to such value, even though there is no testimony as to the cost of operation during the delayed period, especially when there is fair warrant in the record for the view that such item of damage was rejected by the jury.

*Appeal from Warren District Court.*—W. H. FAHEY, Judge.

THURSDAY, OCTOBER 26, 1916.

ACTION at law for damages for injury to plaintiff's automobile. The injury resulted from an accident upon a county bridge, alleged by the plaintiff to have been defective in its construction and maintenance. There was a verdict for the plaintiff, and the defendant has appealed.—*Affirmed.*

*Phil R. Wilkinson* and *Berry & Watson,* for appellant.

*Meyerhoff & Gibson* and *W. S. Cooper,* for appellee.

EVANS, C. J.—The accident occurred on the night of July 3d, 1913, upon a county bridge on the main traveled road from Winterset to Des Moines. The plaintiff was traveling north. As he approached the bridge 1. BRIDGES: county bridges: narrow approach: contributory negligence. from the south, he came down a hill for a distance of about 1,000 feet. 150 feet from the bridge, the road veered to the west to avoid a clump of trees, and then veered back again to the

east as it approached the bridge. It is claimed for the defendant that, in making this turn, the plaintiff went too far to the left, so that his left wheel was entirely outside of the traveled track, and that he followed such a course until he entered upon the bridge, striking its railing on the left side and destroying the same. For the plaintiff, it is urged that the approach to the bridge was a high embankment, less than 7 feet wide upon the traveled portion; that, at the southwest corner of the bridge, the dirt had washed away and created an opening which extended several feet to the east; that the plaintiff's left wheel, being only a few inches outside of the traveled track, struck such opening, and the car was thrown to the left, against the railing, without any fault on the part of the plaintiff. The car was badly damaged. The plaintiff caused the same to be repaired, at an actual expense of $355. He lost the use of his car for a period of seven weeks, for which he claimed additional damages of $100. The verdict was for $300. Three errors are presented for our consideration.

I. The defendant contends that the plaintiff was guilty of contributory negligence as a matter of law, and that the verdict should have been set aside on that ground. The circumstances of the accident are set forth quite fully in the testimony on behalf of the plaintiff. Accepting this testimony as true, it does not show the plaintiff guilty of contributory negligence as a matter of law. It is made to appear incidentally that there were 24 bottles of beer in the car at the time of the accident. This circumstance has its suggestiveness. But it is also made to appear that these bottles of beer constituted a case which had not been opened. The beer, therefore, was unconsumed. True, it was in the car, but it was not in the driver. To some minds, the gyrations of the car would seem suggestive of the presence of the intoxicating liquor. But it would not do to hold that the presence of the unconsumed beer in a car would have the same effect upon the car that it would have had upon the driver if

2. NEGLIGENCE: contributory negligence: intoxicating liquors as accompanying circumstance.

consumed by him. The circumstance, such as it was, of the presence of the beer, was doubtless proper for the consideration of the jury, as throwing light upon the circumstances of the accident. The defendant had the full benefit of it in that respect. We think that the question of contributory negligence was clearly for the jury.

II. By Instruction 11, the trial court submitted the question of contributory negligence. The instruction is quite full and formal, and is in accord with the usual provisions of such an instruction. The defendant contends that it should have been more specific, in that it should have told the jury that the degree of care to be exercised by the plaintiff in driving his automobile should have been commensurate with the dangerous character of the vehicle which he was operating. The instruction given was broad enough in its scope to permit the jury to take into consideration the dangerous character of the automobile, but it contained no specification to this effect. The defendant requested no such specification at the time the instruction was given, nor did it present any objection to the instruction before it was given. It is not now claimed that the instruction was not proper as far as it went, even though it be claimed therefor that the specification now contended for could properly have been made. We do not think, in the light of this record, that there was any reversible error in its omission.

3. TRIAL: instructions: form, requisites and sufficiency: correct but not explicit: waiver.

III. It is urged that the court erred in submitting to the jury the question of the value of the use of the car during the seven-weeks' period consumed in its repair. No objection was or is made to the testimony introduced by the plaintiff on that question. Such testimony was that the rental value of the use of such car for such period was $150. The argument now made for the defendant is that no account was taken of the reasonable cost of operation which would have been incurred during such time by the operation of such car.

4. DAMAGES: measure of damages: value of use of automobile: cost of operation.

It is not contended that an injured party in such case is not entitled to the value of the use of a car for the time of his deprivation, as one of the elements of damage. Operating expenses are an incident of the use of all vehicles. Nevertheless, the use of a vehicle may have its value, quite distinct from the question of operating expenses. There is no suggestion in this record that the expense of operating a rented automobile would have been greater or less than the expense of operating the damaged one if there had been no injury. We think the contention of the appellant at this point is without merit as a legal proposition. Furthermore, the undisputed testimony in this case shows an itemized bill for repairs for $355, with plaintiff's check in payment of same, and a further damage of more than $100 for the loss of the use of the car. This testimony was not only undisputed, but it was unimpeached by cross-examination or otherwise. The verdict of the jury was for $300 only. Perhaps we ought not to assume that the jury rejected the item of rental value entirely, but such assumption would render the verdict more consistent than otherwise. On the whole record, the defendant did not suffer on the question of the measure of damages. We are satisfied that there is nothing in the record which would justify a reversal of the judgment below. It is, therefore,—
*Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.