## No. 9101.

### KENDALL v. METROZ.

1. STATUTE OF FRAUDS—*Pleading.* It was contended that a parol gift of an interest in lands was void by the Statute of Frauds. The statute not having been pleaded, the question was not considered.
2. —— *Parol Gift of Lands,* will be enforced in equity only where, in reliance thereon, valuable improvements have been made.
3. APPEAL AND ERROR—*Party Bound by Position Below.* A party will not be heard to complain of the exclusion of evidence which was rejected upon his own objection thereto.

*Error to Gunnison District Court, Hon. Thomas J. Black, Judge.*

*En banc.*

Messrs. MORRISEY, MAHONEY & SCOFIELD, Mr. JOSEPH J. WALSH, for plaintiff in error.

Mr. J. M. McDOUGAL, Messrs. SAPP & NASH, for defendant in error.

Opinion by Mr. Justice Teller.

Plaintiff in error brought suit against defendant in error for an accounting, and a recovery of a share of the proceeds of a sale of a ranch bought by the parties on partnership account, and sold by defendant who held title.

The answer admitted the purchase, on partnership account, and the sale, and set up in defense that the plaintiff abandoned the enterprise, left the ranch, saying that he would have nothing more to do with it, and that defendant could have the property to do with as he pleased.

Plaintiff by replication denied that he had given the property to defendant.

The action was begun some eight months after plaintiff left the ranch, and about three months after its sale by defendant.

The court found that there was a valid gift of the interest in the land by parol, and dismissed the action.

For plaintiff in error it is urged that the plaintiff's interest was an interest in land; that it was not subject to gift by parol, because of the statute of frauds; and, further, that the gift is not valid because there was no evidence of possession followed by valuable improvements made in reliance on the gift.

The statute of frauds was not plead, nor was the question of the statute raised on the trial; hence, it need not be considered.

It is undoubtedly true that a parol gift of an interest in real property is good in equity, as a rule, only when valuable improvements have been made in reliance on the gift, so that to refuse to enforce it is inequitable.

Counsel are correct in stating that there is no evidence of improvements in this case; but can they base an objection to the judgment on that fact, since the record shows that on two occasions defendant's counsel asked witnesses what improvements had been made on the ranch after plaintiff's departure, and, in each case, on the objection of plaintiff's counsel, the testimony was excluded? To permit them to reverse the case for lack of evidence which was excluded by their action, is to give them the advantage of error for which they are responsible.

They are not permitted to change the theory on which they tried the case, and now ground a plea for reversal on the want of evidence of improvements, which, but for their objection, might have been introduced. They insisted on the trial that the only issue was as to the making of a gift, and the question of a consideration therefor, though a gift contradicts the idea of a consideration.

They made no point of the necessity that the making of improvements be shown, but by their objections denied the pertinency of such evidence.

Parties cannot thus shift their position.

In *Stratton C. C. M. Co. v. Ellison,* 42 Colo. 498, 94 Pac. 303, this court said:

"Upon appeal it is too late to introduce a new theory differing radically from that on which the court and both parties proceeded at the trial below."

In *Lebcher v. Lambert,* 23 Utah 1, 63 Pac. 628, the court in reviewing a record presenting the very point now under consideration held that counsel, having by objections excluded evidence that later, on appeal, they asserted to be necessary, must stand by their original theory, and could have no advantage of the new theory.

This rule is well settled and just.    3 C. J. 718.

Plaintiff in error being thus unable to press the only substantial error assigned, the judgment must be affirmed.

*Judgment affirmed.*

Mr. Justice White dissenting.

---

Mr. Justice White Dissenting:

If the affirmance of the judgment of the trial court may not be based upon other grounds than those set forth in the opinion of this court, I cannot concur therein.

The answer admitted the ownership of the land to be in plaintiff and defendant, and alleged a gift by plaintiff of his interest therein to the defendant. The replication denied the alleged gift. The question for determination was whether or not the plaintiff had made a gift of his interest in the land to defendant, and it devolved upon the latter to come forward with his proof in that regard. If the plaintiff's interest in the land was not subject to gift by parol because of the statute of frauds, then defendant, showing only a gift by parol, had failed in his proof, and the finding and judgment of the trial court are in no wise supported by the evidence.

Furthermore, I cannot agree to the holding that because the record shows that defendant's counsel asked a witness what improvements had been made on the ranch after plaintiff's departure therefrom, and, upon objection by plaintiff's

counsel, the witness was not permitted to answer, that plaintiff is thereby precluded from claiming in this court that the evidence in the record does not establish a gift of his interest in the land. If a parol gift of an interest in real property is good in equity *only* when valuable improvements have been made in reliance on the gift, then it is essential, if a pleader proposes to rely upon a parol gift of such property, to allege, not only the making of the gift, but also the making of valuable improvements in reliance on such gift.

In the case at bar, defendant's pleadings contain no allegation that he made improvements upon the land subsequent to the alleged gift, or at all. In the absence of such pleading the proof he offered was inadmissible, and was properly excluded from the record upon the objection of plaintiff.