JAMES GREGORY, Appellant, v. KIRKMAN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellee.

**EMINENT DOMAIN: Measure of Recovery.** The measure of recovery for land taken under eminent domain proceedings is the difference between the fair market value of the original tract immediately before the taking and the like value of the remaining tract immediately after the taking—with no allowance for benefits.

**TRIAL: Instructions—Lack of Amplification.** The objection that correct instructions should have been amplified will not be considered, in the absence of a request for such amplification.

**TRIAL: Instructions—Caution in re Testimony.** On appeal from an award by appraisers in condemnation proceedings, the court may very properly direct the jury not to discuss or consider the award made by the appraisers.

**NEW TRIAL: Grounds—Misunderstanding of Instruction.** A new trial will not be granted on a showing by jurors that they misunderstood a perfectly plain instruction.

*Appeal from Shelby District Court.*—EARL PETERS, Judge.

APRIL 4, 1922.

APPEAL from a judgment entered on the verdict of a jury on an appeal to the district court from an award of referees in a condemnation proceeding wherein certain land of the plaintiff was appropriated by the defendant school district for school purposes. Plaintiff appeals.—*Affirmed.*

*Edward S. White,* for appellant.

*Cullison & Cullison,* for appellee.

DE GRAFF, J.—A parcel of land consisting of four acres and belonging to the plaintiff was condemned for school purposes in conformity to law and an award was made. Not being satisfied with the amount of damages awarded, an appeal was taken to the district court by the plaintiff landowner and the

jury returned a verdict in the sum of $1,260. The four acres in question at the time of its appropriation constituted a part of a well-improved farm of 130 acres and was situated about two blocks south of the main street in the town of Kirkman, Iowa.

The evidence bearing on the value of the land is in conflict, and the variance in value of the farm before and after the taking of the four acres is from $10 to $20 per acre. Two of the defendant's witnesses testify that there was no damage to the farm other than the value of the four acres appropriated by the school district.

It is claimed by appellant that certain instructions of the court are misleading and erroneous. Upon a careful reading of the instructions we cannot accept this viewpoint. The trial court instructed that the amount of damages which the plaintiff is entitled to recover is the difference between the reasonable market value of the said 130 acres of real estate immediately before the appropriation of the four-acre tract for school purposes on April 16, 1917 and the reasonable market value of the remainder of the said 130 acres immediately after the said four acres had been appropriated for school purposes, not taking into consideration any benefits that have resulted or may result to the plaintiff by reason of the said four-acre tract being taken and used for school purposes. This is a correct and concise statement of the rule of damages in cases of this character, and no confusion should arise in the minds of the jury in the application of such a rule as we must presume that the jury was composed of men of ordinary intelligence. The principle stated has frequently been approved by this court and was first declared in *Sater v. Burlington & Mt. P. P. R. Co.*, 1 Iowa (Clarke) 386. See, also, *Haggard v. Independent School Dist.*, 113 Iowa 486; *Klopp v. Chicago, M. & St. P. R. Co.*, 142 Iowa 474.

1. EMINENT DOMAIN: measure of recovery.

In proceedings to condemn land for school purposes the referees are required to "fix the damage sustained as near as may be on the basis of the value of the real estate appropriated." Chapter 26, Section 2, Acts of the Thirty-seventh General Assembly.

It is also to be observed that the evidence introduced upon the trial in the manner and form in which it was introduced did

not warrant the court in adopting any other measure or rule of damage. The evidence did not support any other theory as to damage. Briefly stated the appellant by his evidence invited the instruction and his evidence on this matter was the basis upon which the court instructed. Surely he is not now in a position to complain. *Wilson v. Chicago, R. I. & P. R. Co.,* 144 Iowa 99.

*2. TRIAL: instructions: lack of amplification.*

The gist of the complaint is not that the instructions *per se* are incorrect, but that they should have been amplified by the court that the jury might have had a more complete understanding of the law in this particular. No requested instructions were asked by the plaintiff and it is now too late to file complaint. *Akin v. Madison County,* 178 Iowa 161.

Plaintiff excepted to an instruction given by the court in which the jury was told not to consider or discuss the award made by the appraisers. The jury was not entitled to consider the award previously made in the condemnation proceeding. That issue was not in the case. It was in the record that the appraisers had made some award. It was stipulated that the land in controversy was condemned, appropriated and appraised by the referees on April 16, 1917 and the court in the statement of the issues properly said that the case was an appeal from the amount awarded by the appraisers. It is also shown that two of the appraisers testified as witnesses upon the trial, but no reference to the amount of the award is disclosed in the record. The court guarded strictly at all times this particular matter and promptly sustained objections to any reference bearing, directly or indirectly, on this proposition. The thought of the court in this regard was carried into the instruction, and cautionary instructions may not be viewed as error.

*3. TRIAL: instructions: caution in re testimony.*

Upon motion for new trial and to set aside the verdict certain affidavits of the jurors were filed. Defendant filed a resistance thereto and opposed the consideration of the affidavits for the reason (1) that the matters so set forth inhered in the verdict and (2) that the facts set forth do not relate to any matter extraneous to the evidence or verdict or in contradiction thereof or relate to any force or influence independent of the evidence and (3)

*4. NEW TRIAL: grounds: misunderstanding of instruction.*

are in fact foreign to the trial of said cause. It is apparent from the reading of the affidavits in question that the jury either misunderstood or ignored the instructions of the court, or that the jury based its verdict upon a measure of damage concerning which no evidence had been introduced. No good purpose will be served in the discussion of the affidavits filed. The most that may be said in the light of the affidavits is that the jury mistakenly applied the law as given by the court in estimating the amount of plaintiff's recovery. It is not shown that the jury was influenced by statements of fact concerning material matters made by any one of the jurors. *Douglass v. Agne,* 125 Iowa 67, 69; *Jolly v. Doolittle,* 169 Iowa 658. There was no formal defect in the verdict. *Carlson v. Adix,* 144 Iowa 653. Jurors may not impeach their own verdict by showing a mistake in calculation or an error in judgment. *Wilkins v. Bent,* 66 Iowa 531. Nor may they be heard by way of impeachment of the verdict by assigning reasons for the finding inconsistent with those which should have actuated them in the discharge of their duties. *Migliaccio v. Smith Fuel Co.,* 151 Iowa 705. There is no reason for the jury to misapprehend the instructions in the instant case and a claimed misapprehension cannot be considered to impeach a verdict. *Christ v. City of Webster City,* 105 Iowa 119. The trial court properly ruled on this proposition in the instant case.

We discover no reversible error in the record and the judgment entered is therefore—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.