[Civ. No. 29483.   Second Dist., Div. Four.   Jan. 31, 1967.]

CONSTANCE A. GARNIER et al., Plaintiffs and Respondents, v. CAMILLE A. GARNIER, Defendant and Appellant.

Schumacher & Hale and Frederick R. Schumacher for Defendant and Appellant.

Louis Lee Abbott and Richard B. Cutler for Plaintiffs and Respondents.

FILES, P. J.—This is an action brought pursuant to Corporations Code sections 2236-2238[1] to determine the validity of an election of directors of Garnier Enterprises, Inc., a

---

[1]"Section 2236.   Upon the filing of an action therefor by any shareholder, the superior court shall try and determine the validity of any election or appointment of any director of any domestic corporation, or of any foreign corporation if the election was held or the appointment was made in this State."

"Section 2238.   The court may determine the person entitled to the

California corporation with 1,000 outstanding shares. The following chart depicts the ownership of the outstanding stock at the time of the disputed election:

| Name | No. of Shares |
|---|---|
| Constance A. Garnier (Constance) | 100 |
| Camille A. Garnier (Camille) | 200 |
| Anton Garnier (Anton) | 100 |
| Alexis Garnier (Alexis) | 100 |
| Janis Garnier (Janis) | 100 |
| June G. White (June) | 100 |
| Jack White (Jack) | 100 |
| Robert Walter White (Robert) | 100 |
| Kathryn June White (Kathryn) | 100 |

On March 19, 1963, the election in question was held. Relying upon the statutory privilege of cumulative voting,[2] the shareholders proceeded as follows:

(a) Constance cast 500 votes for Constance;

(b) Jack, as guardian of Robert, cast 333 votes for Constance and 167 votes for June;

(c) Jack, as guardian of Kathryn, cast 167 votes for June and 333 votes for Jack;

(d) June cast 500 votes for June;

(e) The proxy holder for Jack, individually, cast 500 votes for Jack;

---

office of director or may order a new election to be held or appointment to be made, and direct such other relief as may be just and proper.''

[2]Section 2235. ''Every shareholder entitled to vote at any election for directors of any corporation for profit may cumulate his votes and give one candidate a number of votes equal to the number of directors to be elected multiplied by the number of votes to which his shares are entitled, or distribute his votes on the same principle among as many candidates as he thinks fit.

''The candidates receiving the highest number of votes up to the number of directors to be elected are elected.''

(f) Helen G. Decker (hereinafter Helen), as guardian for Alexis and Janis, cast 333⅓ votes for each of Camille, Helen and Anton;

(g) Anton cast 166⅔ votes for each of Camille, Helen and Anton;

(h) Camille cast 333⅓ votes for each of Helen, Anton and Camille.

The numerical total of votes cast, including fractions, is as follows:

| | |
|---|---|
| June G. White | 834 |
| Helen G. Decker | 833⅓ |
| Anton Garnier | 833⅓ |
| Camille A. Garnier | 833⅓ |
| Constance A. Garnier | 833 |
| Jack W. White | 833 |

Helen, Anton and Camille each had 832 whole votes and 1⅓ fractional votes. Each of the remaining nomineees received only whole votes. Thus if only whole votes are counted, June (834), Constance (833) and Jack (833) were the only directors elected. The other three candidates, with 832 votes each, were left in a tie for the remaining two seats.

June, Constance and Jack are plaintiffs. Camille, Anton and Helen are the defendants. After a trial the superior court made its judgment, declaring that June, Constance and Jack had been duly elected, and enjoining the others from purporting to act as directors. Camille has appealed from this judgment.

The critical question here is whether the holder of a whole share of stock may, at his option, cast fractional votes. Neither the articles nor the bylaws of this corporation add anything to what may be derived from the general corporation law of the state in answering this question. Corporations Code section 2215[3] provides that each shareholder "is entitled to one vote for each share." That language does not, by its terms, authorize a shareholder to cast what are, in effect, multiple

[3] "Section 2215. Subject to the provisions of Sections 2218 to 2223, inclusive, only persons in whose names shares entitled to vote stand on the stock records of the corporation on the day three days prior to any meeting of shareholders, or, if some other day is fixed for the determination of shareholders of record, then on such other day, are entitled to vote at the meeting. In the absence of any contrary provision in the articles or in any statute relating to the election of directors or to other particular matters, each such person is entitled to one vote for each share. The articles or by-laws may provide that a fraction of a share shall not be entitled to any voting rights whatsoever."

votes in fractional amounts.

Neither side has produced any decision of any court directly passing upon this question. The absence of such cases is some indication that fractional voting has not been customary, perhaps for the reason that it has not been thought permissible. In 5 Fletcher's Cyclopedia of Corporations, § 2045, p. 193, this statement appears: "It is generally provided expressly or by implication, by statute, articles or bylaws, that stockholders shall have one vote for each share held by them, which excludes fractional voting."

*Commonwealth* ex rel. *Cartwright* v. *Cartwright* (1944) 350 Pa. 638 [40 A.2d 330] involved an attack upon the offices of three directors whose election depended upon both the voting of fractional shares and the splitting of votes into fractions. In an election at which five directors were to be elected by cumulative voting, four shareholders, holding respectively 157½, 3, 2½ and 1 shares, combined to cast 273⅓ votes for each of three candidates. The court held that the half shares were not entitled to vote under Pennsylvania statutes, and the elimination of the votes derived from these fractions was enough to defeat the three candidates. This decision is of little value as a precedent here because it deals only with whether fractional shares may be voted, not whether fractional votes may be created at the option of the shareholder. As the parties concede, fractional shares in a California corporation may vote unless the articles or bylaws forbid it.

Both in *Dulin* v. *Pacific Wood & Coal Co.* (1894) 103 Cal. 357 [35 P. 1045, 37 P. 207] and in *Edward Sidebotham & Son, Inc.* v. *Chandler* (1960) 183 Cal.App.2d 823 [7 Cal.Rptr. 216], it appears from the statement of facts that fractional voting of whole shares had taken place. But in neither case was this fact material to the decision, and we therefore attach no significance to the absence of any discussion of the subject in those opinions.

In 1957 the Legislature amended section 2215 (fn. 3, *supra*) by adding the sentence at the end: "The articles or by-laws may provide that a fraction of a share shall not be entitled to any voting rights whatsoever." The purpose of this amendment was to allow a corporation to eliminate the difficult mathematical and clerical problems incident to an election where fractional shares are voted. Such problems would be even more troublesome if holders of whole shares were permitted to split their votes into fractions. The absence of any reference to fractional voting of whole shares may be taken

to indicate the view of the Legislature that there would be no possibility of fractional votes when only whole shares were voted.

By reason of the language of section 2215, and in the absence of any authority, or even any good reason why shareholders should be allowed to split whole shares into multiple fractional votes, we conclude that only whole votes may be cast by persons holding only whole shares, absent some contrary provision in the articles or bylaws. Defendants' candidates therefore were not elected.

Appellant also argues here that it was an abuse of discretion for the superior court to fail to order a new election as a part of its judgment. Corporations Code section 2238 (fn. 1, *supra*) provides ''The court may determine the person entitled to the office of director or may order a new election. . . .''

The prayer in the complaint asked the court to declare plaintiffs' slate of directors elected, or in the alternative, to order a new election. The answer, filed on behalf of all defendants, including appellant, asked that defendants be declared elected, but there was no alternative prayer for a new election.

At the conclusion of the trial, both of the attorneys who then represented defendants told the court that it must declare either one group or the other group elected on the votes which had been cast at the March 19, 1963, election. They argued that a new election would be improper. In the light of these circumstances, assuming that the court had discretion to order a new election, we cannot say the court abused its discretion in failing to do so. (*Merrill* v. *Kohlberg,* 29 Cal. App. 382, 386 [155 P. 824].)

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.