[L. A. No. 731.  Department Two.—February 19, 1900.]

JOSEFA ETCHAS, Respondent, v. LEOPOLDA ORENA, Executor, etc., Appellant.

ACTION FOR SERVICES — STATUTE OF LIMITATIONS — PLEADING.— In an action for the value of services rendered, where the complaint does not show upon its face that the cause of action is barred by the statute of limitations, the plea of the statute cannot be raised by demurrer, but is properly presented by answer.

ID.—REJECTED CLAIM AGAINST ESTATE—PART OF CLAIM BARRED BY STATUTE.—Upon the trial of an action upon a rejected claim against the estate of a deceased person, for services rendered at his request, the evidence must be confined to proof of services rendered within two years prior to the death of the decedent. Neither the executor nor the judge had any right to allow any part of the claim which was barred by the statute of limitations.

ID.—BROKEN PROMISE TO PROVIDE BY WILL NOT PRESENTED AS A CLAIM.— A broken promise to provide by will a compensation for services rendered to the decedent must be presented as a claim against the estate, in order to be relied upon as a continuing contract for services up to the time of his death, and, ·if not so presented, it cannot be relied upon to save the bar of the statute as to part of a rejected claim for services presented against the estate. No other cause of action can be properly alleged or proved than that stated in the claim presented and passed upon by the executor.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. W. S. Day, Judge.

The facts are stated in the opinion.

Thomas McNulta, and B. F. Thomas, for Appellant.

The plaintiff was limited to the cause of action stated in his claim as presented and could not rely upon a promise or cause of action not presented as a claim to defeat the statute of limitations which appeared as a bar upon the face of the claim presented and rejected. (*Estate of Sullenberger*, 72 Cal. 549; *McGrath v. Carroll*, 110 Cal. 79; *Lichtenberg v. McGlynn*, 105 Cal. 45.)

G. H. Gould, C. F. Carrier, and Richards & Carrier, for Respondent.

The action for continuous service under the broken promise to compensate plaintiff by will was maintainable at the termination of the service, upon the death of the decedent; and the service, being continuous, is unaffected by the statute of limitations, prior to its termination. (*Jacobson v. Le Grange*, 3 Johns. 199; *Robinson v. Raynor*, 28 N. Y. 494; *Green v. Orgain* (Tenn. Ch. App., Feb. 7, 1898), 46 S. W. Rep. 477; *Cross v. Dunlavy* (Tenn. Ch. App., Feb. 5, 1898), 46 S. W. Rep. 473; *Cann v. Cann*, 45 W. Va. 563; *Thomas v. Feese* (Ky., May 19, 1899), 51 S. W. Rep. 150; *Borland v. Haven*, 37 Fed. Rep. 394, 413; *Hay v. Peterson*, 6 Wyo. 419; *Wise v. Hogan*, 77 Cal. 184; *McFarland v. Holcomb*, 123 Cal. 84; *Ah How v. Furth*, 13 Wash. 550; *Graves v. Pemberton*, 3 Ind. App. 71; *Baird v. Crank*, 98 Cal. 293.)

COOPER, C.—This action was brought to recover of the defendant, as executor, the reasonable value of services alleged to have been performed by plaintiff for deceased in her lifetime. The case was tried with a jury, and a verdict rendered for plaintiff in the sum of thirteen hundred and seventy-five dollars. A motion for a new trial was denied, and this appeal is from the judgment and order. The deceased died on the nineteenth day of January, 1896. On September 19, 1896, the plaintiff verified and presented a claim against the estate for nine hundred and twenty-four dollars for "services rendered deceased at her special instance and request from June 1, 1895, to January 21, 1896." This claim was rejected September 28, 1896. On No-

vember 30, 1896, the plaintiff verified and presented another claim for the following:

"To services rendered deceased at her re-
    quest by claimant as companion, and as
    servant doing household work, cooking,
    sewing, and nursing from June 1, 1885,
    to June, 1895, six months in each and
    every year aforesaid at $30 a month....$1,800.00
"And for six months of each and every year
    aforesaid for services in taking care of
    house and property of decedent at her re-
    quest in her absence at the rate of $5
    a month......   .....   ....   ......   ....     300.00
                                                            ————    $2,100.00
"Credit, cash $50 per year for each and
    every year during said period.....   ....     500.00
"Note of $400.00, dated 1891   ....   ......     400.00
                                                            ————       900.00
                                                            ──────────────
                                                                    "$1,200.00"

The latter claim was rejected December 1, 1896. No other or different claim was presented by plaintiff against said estate. This action is based on the said rejected claims. The complaint alleges that between the first day of June, 1885, and the twenty-first day of January, 1896, plaintiff, at the request of deceased, performed services as companion, doing household work, cooking, sewing, and nursing, and that said services were of the reasonable value of three thousand and twenty-four dollars.

That deceased paid plaintiff the sum of nine hundred dollars by various payments, leaving a balance due of two thousand one hundred and twenty-four dollars, which has not been paid. "That the said Josefa Loureyro promised plaintiff and agreed to pay her the reasonable value of her services as above set forth, by making provision in her will for plaintiff in a sum equal to the value of the said services, and in consideration of such promise plaintiff rendered the services above described."

The complaint, after alleging the death of deceased, and the appointment of defendant as executor, further alleges the presentation and rejection of the said claims by defendant, copies of which are attached to the complaint as exhibits "A" and "B."

To this complaint a demurrer was interposed on various grounds and overruled. The defendant urges that the complaint did not state facts sufficient to constitute a cause of action, and that it appears upon the face thereof that the cause of action therein stated, if any, is barred by the provisions of subdivision 1, section 339, of the Code of Civil Procedure.

We think the demurrer was properly overruled. The complaint states a cause of action for the reasonable value of services alleged to have been performed by the plaintiff for deceased at her special instance and request. It does not allege the presentation of a claim upon an agreement made in the lifetime of deceased to make provision in her will to pay plaintiff the reasonable value of such services. But that portion of the complaint may be disregarded. It was not demurred to specially and no motion was made to strike it out.

The complaint does not show upon its face that the cause of action is barred. It states a cause of action for the value of such services as the proof might show became due within two years prior to the death of deceased. The demurrer could not properly have been sustained upon the supposition that a part of the cause of action was barred. If some portion of the complaint states a cause of action the general demurrer should be overruled. (*Fleming v. Albeck*, 67 Cal. 227; *McCann v. Pennie*, 100 Cal. 551.) The answer, among other things, contained a direct allegation that the plaintiff's cause of action and every part thereof was barred by subdivision 1, section 339, of the Code of Civil Procedure, and this presents the controlling question upon this appeal. The court below permitted evidence all through the trial of the case as to services from the first day of June, 1885, up to the time of the death of deceased, evidently treating the cause of action as being founded upon a continuing contract for services to be paid for by provision in the will of deceased. This is not only apparent from the rulings of the judge upon the admission of testimony, but is shown by the instructions to the jury, given at plaintiff's request. The court instructed the jury: "That when one is employed continuously to perform personal services, without any time being fixed in the contract for its termination, the statute of limitation does not begin to run until the services are terminated.

"When one person engages the services of another under the promise to make provision by will for the one so employed, the statute of limitations does not begin to run until the death of the employer.  If, therefore, you believe from the evidence that Miss Loureyro promised the plaintiff, in consideration of plaintiff's services, to make provision for her by her will, and plaintiff, relying on such promises, performed the services testified to, you must find a verdict for plaintiff for the value of her services during the time she so worked, allowing as a credit upon such indebtedness such sums as were paid by Miss Loureyro to the plaintiff."

We think that upon the trial the evidence should have been confined to such services as became due under the rejected claims within two years of the death of deceased.  It is claimed that the deceased, during her life, made a contract with plaintiff that, in consideration of the services to be rendered, and which it is claimed were rendered, deceased would compensate plaintiff by making provision in her will.  No question as to the enforcement or validity of such contract need here be determined.  If the plaintiff could maintain such action for a breach of contract to pay for services continued for a period of over ten years, it would be necessary to first present a claim against the estate.  (Code Civ. Proc., sec. 1493.)  It is argued that such presentation was made in the claim of November 30, 1896, for a balance of twelve hundred dollars, but we do not think so.  The claim presented was simply for services by the month from June 1, 1885, to June 1, 1895.  No contract is set forth as to when the wages were to be paid, and in such case the presumption is that the hiring was by the month.  (Civ. Code, secs. 2010, 2011.)

It appears, therefore, on the face of the claim as presented, that all that part of it was barred by the statute except for services that became due on or after January 19, 1894.  If barred by the statute of limitations the claim could not be allowed by the executor or the judge.  (Code Civ. Proc., sec. 1499.)  The executor therefore had no right to allow any part of the claim for services that became due under the claim as set forth prior to January 19, 1894.

The claim, as presented and passed upon by the executor, was the foundation of the plaintiff's cause of action.  She could

not come into court and allege and prove any other or different cause of action from that stated in the claim. The executor was entitled to have the claim presented in sufficiently intelligent form to enable him to pass upon it legally. If it was founded upon a promise or agreement, under the terms of which continuous services were performed, to be paid for at the death of deceased, the claim should have so stated. It is the policy of the law that all just debts of an estate shall be paid, and that creditors having claims shall duly make out, verify, and present them in such manner, and with such statement and vouchers, that the representative of the deceased may allow them if legal, and reject them if in law they should be rejected. The claim in this case, as founded upon the promise to provide in the will, was contingent upon the failure of deceased to so provide. If the services were performed in consideration of an agreement to compensate for them in the will, no claim could exist against the estate, except one founded upon the fact that such services were performed and no provision made in the will for compensation. The particulars of the claim should have been stated. In *Aguirre v. Packard*, 14 Cal. 172, 73 Am. Dec. 645, it was held that where the account presented to the administrator for allowance contains no item for interest, and the face of the paper did not show that interest results necessarily from the facts stated in the claim, interest could not be recovered in the action founded upon such claim.

In *Estate of Sullenberger*, 72 Cal. 549, a claim had been allowed against the estate founded upon a promissory note. The note was barred at the time it was allowed. The court on motion set aside the order allowing the claim. Upon appeal here it was claimed that, although the note was barred, it was taken out of the statute by the substitution of a new obligation in its place. It was held that in such case the claim must have been based on the new obligation and not on the note, and that a claim cannot be amended in a matter of substance after the expiration of the time allowed by law in which claims must be presented.

So in the case of *McGrath v. Carroll*, 110 Cal. 79, a claim was presented against the estate for a money demand, which claim appeared on its face to be barred by the statute of limitations

and was rejected. Suit was brought upon it, and in the complaint matters in regard to a trust were alleged so as to take the case out of the statute. It was held in such case that the defendant might plead the statute as to the rejected claim and also the variance and nonpresentation of the claim alleged in the complaint. In the opinion it is said: "Every claim must sufficiently indicate the nature and amount of the demand to enable the executor and judge in probate to act advisedly upon it."

In *Lichtenberg v. McGlynn*, 105 Cal. 45, it was held that the plaintiff in an action against an estate upon a rejected claim must recover, if at all, upon the claim rejected, and that he could not recover upon facts which show a different cause of action.

It was said by the supreme court of Oregon in *Willis v. Marks*, 29 Or. 503, that the purpose of requiring the presentation of claims against estates is: "1. To furnish the administrator with pertinent evidence touching their validity and justness by means of which he may determine for himself whether they ought to be paid out of the funds of the estate; and 2. To enable him to justify his acts, in some measure at least, in accounting with the county court."

In this case, suppose the executor had allowed the claim as presented, there is not a word in it to show that it was a continuing claim or founded upon the failure to make provision in the will. The greater part of it appears upon the face thereof to be barred by statute. An executor or administrator should always be careful and not allow any illegal or unjust claim. With all the safeguards given by the law, and with due care upon the part of executors, administrators, and the court, experience has proven that estates are often plundered by unjust claims. The safest course is to follow the substantial requirements of the statute. In this case the plaintiff must rely upon proof of the claims rejected, and upon which the suit is brought. All evidence as to the value and performance of services barred by the statute of limitations should be excluded. The views herein expressed dispose of the material point in the case, and it is not necessary to discuss others.

The judgment and order should be reversed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.