[S. F. No. 2876. In Bank.—September 2, 1903.]

## J. W. MOREHOUSE, Appellant, v. CLARA MOREHOUSE, Administratrix, etc., Respondent.

ORAL PROMISE—STATUTE OF LIMITATIONS.—An oral promise to pay a specified sum, if the occupant of land would remove therefrom, became a complete obligation when such removal was made, and the statute of limitations then began to run, and barred an action on such promise after the lapse of two years from the removal.

ID.—NEW CONDITIONAL PROMISE—INDEPENDENT CAUSE OF ACTION—PLEADING.—A new conditional oral promise to pay the same sum as soon as the promisor could get it out of the land or from a purchaser is not a continuance of the original promise, but an independent cause of action, which must be specially pleaded, and breach thereof averred.

ID.—ESTATES OF DECEASED PERSONS—CLAIM UPON ORIGINAL PROMISE—COMPLAINT NOT AMENDABLE.—Where the action is upon a claim against the estate of the deceased promisor, and is upon a rejected claim presented to the administrator upon the original oral promise, against which the statute of limitations had run, before the death of the decedent, the recovery is limited to the claim presented, and the complaint is not amendable to set up a new cause of action upon the subsequent conditional promise.

ID.—IRRELEVANT EVIDENCE—GENERAL OBJECTION—NEW TRIAL.—In such action, evidence of the new conditional promise was irrelevant to the issues, and a general objection thereto, that it was irrelevant, immaterial, and incompetent, was sufficient to make its admission an error, which was ground for an order granting a new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Geis & Albery, and Mastick, Van Fleet & Mastick, for Appellant.

The general objection to the evidence was not sufficient, it being in effect that the matter was not pleaded. (*Wise* v. *Wakefield,* 118 Cal. 107, 110; *Clarke* v. *Huber,* 25 Cal. 593, 598; *Howland* v. *Oakland etc. R. R. Co.,* 110 Cal. 513, 519-521; *Burlington Ins. Co.* v. *Miller,* 60 Fed. 254; *Ogden* v. *Weaver,* 108 Fed. 564, 569.) The plaintiff is deemed to have pleaded any matter in avoidance of the plea of the statute of limitations. (*Fox* v. *Tay,* 89 Cal. 339, 344; *Williams* v. *Dennison,* 94 Cal. 540; *Sterling* v. *Smith,* 97 Cal. 343, 346; *Moore* v. *Copp,* 119 Cal. 429.)

Rodgers, Paterson & Slack, and Charles W. Slack, for Respondent.

The new conditional promise was an independent cause of action not pleaded. (*Curtis* v. *Sacramento,* 70 Cal. 412; *Rodgers* v. *Byers,* 127 Cal. 528.) The plaintiff's action is united to the claim presented on the original promise. (*Hackett* v. *The Bank of California,* 57 Cal. 335; *Etchas* v. *Orena,* 127 Cal. 588, and cases therein cited; *Faulkner* v. *Hendy,* 123 Cal. 467, 470; *Gallagher* v. *McGraw,* 132 Cal. 601; *Lichtenberg* v. *McGlynn,* 105 Cal. 45; Pomeroy's Code Remedies, secs. 553, 554, 556, 566.) An oral new promise is not sufficient to take a cause of action out of the statute of limitations. (Code Civ. Proc., sec. 360; *Booth* v. *Hoskins,* 75 Cal. 271, 275; *Estate of Galvin,* 51 Cal. 215.) The general objection was sufficient, since the admitted evidence was not admissible under any circumstances. (*Nightingale* v. *Scannell,*

18 Cal. 315, 323; *Swan* v. *Thompson,* 124 Cal. 193; *Arnold* v. *Producers' Fruit Co.,* 128 Cal. 637, 640. The order granting the new trial will be upheld, if sufficient on any ground assigned. (*Kauffman* v. *Maier,* 94 Cal. 269; *Churchill* v. *Flournoy,* 127 Cal. 355.)

McFARLAND, J.—This is an action by plaintiff against the defendant as administratrix of LeGrande Morehouse, deceased, to recover five thousand dollars upon a contract alleged to have been made by and between plaintiff and said deceased in his lifetime. A claim for the alleged cause of action was presented to defendant and was by her rejected. The trial court first rendered judgment in favor of plaintiff; but afterwards a new trial was granted upon motion of defendant, and plaintiff appeals from the order granting a new trial.

It is averred in the complaint that during the lifetime of said LeGrande Morehouse there was an agreement between him and plaintiff by which the former promised to pay plaintiff five thousand dollars if the latter would move from and deliver to said LeGrande a certain farm, or ranch, known as "Rag Canyon Ranch," on which plaintiff resided; that in pursuance of said agreement plaintiff did remove from said ranch and deliver it to LeGrande; and that the latter had not paid the five thousand dollars, or any part thereof. The claim against the estate presented to the administratrix is as follows: "For the sum of five thousand ($5,000) dollars due claimant, J. W. Morehouse, from said estate, in accordance with an agreement made and entered into during the lifetime of said LeGrande Morehouse, between said LeGrande Morehouse, deceased, and claimant, J. W. Morehouse, whereby said LeGrande Morehouse, deceased, agreed to pay to said J. W. Morehouse, claimant, the sum of five thousand dollars, if he, said J. W. Morehouse, would move off of and deliver to said LeGrande Morehouse, deceased, the farm, or ranch, known as the 'Rag Canyon Ranch,' in Napa County, Cal., said claimant at said time residing on and farming said ranch, and did under and in pursuance to said agreement move from and deliver to said LeGrande Morehouse said ranch, and the said sum has not been paid."

The defendant in her answer denied all the averments

of the complaint, and pleaded the statute of limitations which bars in two years an action not founded on an instrument in writing.

Plaintiff introduced as a witness his father, George Morehouse, who was a brother of the deceased LeGrande, who testified that the deceased told him (George) in 1887 that plaintiff might go on to the said ranch, and that if plaintiff would keep it in repairs, pay the taxes, etc., he would allow plaintiff to purchase it, and would give him what time he wanted to pay for it; that he (George) informed plaintiff of this offer, and that plaintiff said he would take it, and that he moved on to the ranch in the fall of that year, 1887. He further testified that plaintiff remained on the ranch from 1887 to 1892; that in 1892 the deceased informed the witness that he had sold the ranch to one Barron, and wanted to get plaintiff off, and would pay him five thousand dollars to move off immediately, or as soon as he could; that witness informed plaintiff of this offer, and he said "All right"; and witness informed the deceased that plaintiff agreed to it; and that in a week or ten days plaintiff moved off. All this occurred in 1892. According to this testimony, there does not seem to have been any direct interview between the deceased and plaintiff on the subject; the contract testified to was made by statements to the witness by the parties, and communicated to them by the witness. As testified to, it was wholly unwritten.

Defendant contends that, even assuming that the deceased did make the promises testified to, plaintiff had forfeited whatever right he ever had to purchase the ranch, and, therefore, there was no consideration for the promise to pay the five thousand dollars; but under the views which we take of the case it is not necessary to discuss that contention.

According to the testimony of the witness George Morehouse, the obligation of the deceased to pay the five thousand dollars was complete when plaintiff left the ranch, and was unconditional; and as to such obligation the two-year statute of limitations on an unwritten promise clearly commenced to run when plaintiff left the ranch in 1892, and barred the cause of action thereon in 1894. This action was not commenced until January, 1900, after the death of the deceased, who died in October, 1898. But, over the objections and exceptions

of defendant, the said witness was allowed to testify that a few weeks after plaintiff had left the ranch the deceased told witness that he would pay the money ''as soon as he could get it out of the ranch, or from Mr. Barron,'' and that he communicated this to the plaintiff, who said ''it was all right.'' And it is contended by appellant that these facts constituted a continuance of the original contract, and thus took it out of the statute of limitations. But this contention is not maintainable. We do not consider it necessary to consider respondent's contention that the alleged second promise was valueless for the purpose of continuing the contract because not in writing. The second promise, assuming it to have been proved, was a mere conditional contract constituting an independent cause of action, and did not continue the cause of action on the original obligation. The subject is fully discussed in *Rodgers* v. *Byers,* 127 Cal. 528, and many authorities are there cited. In that case the court having alluded (1) to a case where the new promise had been made after the original obligation had been barred, and (2) where an unconditional promise is made before the original obligation is barred, says (3), ''But, upon the other hand, in the case of a new promise, made while the original obligation is legally enforceable, if that promise be not a general promise to pay the obligation according to its tenor and terms, but is a promise coupled with any condition, and an action is brought after the statute of limitations would have barred the remedy upon the original obligation, the action of plaintiff is then on the substituted, conditional promise, and not upon the original obligation. Such substituted, conditional promise must be pleaded, breach of it averred, and the recovery had after such showing.'' And in that case a judgment for plaintiff was reversed because the second promise relied on was not an absolute and unconditional promise to pay, but a promise conditioned upon the promisor's financial ability to pay. The facts in the case at bar are most strongly against appellant's contention than were the facts in *Rodgers* v. *Byers,* 127 Cal. 528, against the contention of plaintiff in that case. Here the asserted second promise to pay the money was not absolute and unconditional, but ''when he could get it out of the ranch, or out of Barron.'' The case, therefore,

on this point is clearly within the principle of *Rodgers* v. *Byers*, 127 Cal. 528.

The case is a little embarrassed by the fact that the court below, when granting the new trial, undertook to limit it to certain grounds. In the order granting the new trial it is stated that it is granted "solely upon the grounds of errors in law occurring at the trial and excepted to by the defendant, and upon the further ground that the evidence is insufficient to justify the finding that the plaintiff's cause of action is not barred by the provisions of section 339, subdivision 1, of the Code of Civil Procedure, or by the provisions of any other statutes or law, inasmuch as such findings are based only upon evidence of the contract to pay when LeGrande Morehouse should receive $5,000 (five thousand dollars) from Andrew Barron and from the Rag Canyon Ranch, and such contract not having been pleaded, could not be effectual to take the case out of the operation of the statute of limitations." We do not deem it necessary to consider the many points discussed by counsel touching the effect of these restraining words in the order. One of the grounds mentioned is "Errors in law occurring at the trial and excepted to by defendant"; and the merits and main point of the case arise on the erroneous overruling of respondent's objections to the testimony of the witness George Morehouse, above noticed, as to the said promise of the deceased after appellant had left the ranch. Appellant contends that objections made to the testimony cannot be considered, because they were in the general form of "irrelevant, immaterial, and incompetent." As the purpose of the testimony was to prove a different contract from that alleged in the complaint, we are not prepared to say that the objection was not under any circumstances specific enough without an express statement that it was not pertinent to any issue made by the pleadings—as is contended by appellant. No decision of this court has been cited clearly to that point, although a case from one of the federal courts has been cited favoring appellant's contention. Offered evidence not pertinent to any issue made by the pleadings is certainly "irrelevant," and it would seem that parties ought to know what these issues are. More especial objections are required in certain cases, as where the question is

formally defective or the proper foundation has not been laid, or where, if the objection had been more specific, the other party might have obviated the difficulty by changing the form of the question, or by introducing other evidence, or by amending the complaint. But where the evidence objected to is absolutely irrelevant and incompetent, and inadmissible for any purpose and from all standpoints, and the objection to it cannot be removed, the clearly established rule is, that the general objection is sufficient. (*Nightingale* v. *Scannell,* 18 Cal. 315; *Swan* v. *Thompson,* 124 Cal. 193; *Arnold* v. *Producers' Fruit Co.,* 128 Cal. 637.) In the case at bar it cannot be seen how the objection could have been met, no matter how specific it had been. There could have been no amendment of the complaint which would have made the testimony relevant, for the cause of action was limited to the claim presented to the administratrix, which was based on the alleged original contract. Neither can the contention of appellant that the objections were only to general preliminary questions which were not objectionable be maintained. Whether or not the questions asked the witness if he had any conversation with the deceased after plaintiff had moved off the land "about the matter," and what the deceased said "on that subject," to which defendant objected, could be construed as referring to the alleged second contract, or as merely preliminary, and as giving no intimation of what was coming,—still subsequent objections clearly had direct reference to the alleged second contract. For instance, there were several objections to the questions, "Did you communicate that conversation to your son, J. W. Morehouse?" and "What did your son say with regard to it?" and these objections went directly to the question of the admissibility of the contract sought to be proved by the testimony.

The order appealed from is affirmed.

Shaw, J., Van Dyke, J., Angellotti, J., and Lorigan, J., concurred.