[L. A. No. 3667. Department One.—September 13, 1916.]

GEORGE M. PEARSON, Appellant, v. S. J. PARSONS, Administrator With the Will Annexed of the Estate of E. E. Hendrick, Deceased, Respondent.

PLEADING—AMENDMENT OF COMPLAINT—TRIAL—WAIVER OF OBJECTION TO SUSTAINING OF DEMURRER.—A plaintiff, who has amended his complaint stating his respective demands in separate counts, after a demurrer to the original complaint on the ground that the complaint included several causes of action which were not stated separately had been sustained, and has gone to trial upon the complaint as amended, has waived the objection that the demurrer was improperly sustained.

ESTATES OF DECEASED PERSONS—CLAIMS PRESENTED TO ADMINISTRATOR—SUIT UPON MATTER NOT INCLUDED IN CLAIM—EVIDENCE.—In an action against the administrator of a decedent for damages for failure to deliver certain trees at stated times as provided in the contract, and for damages caused by the fraudulent action of the decedent in failing to have the trees on hand, when the claim presented to the administrator was based upon a cause of action stated in a complaint against the decedent filed prior to his death, which did not allege the fact of fraudulently failing to have the trees on hand, evidence cannot be received in support of the allegations as to the failure to have the trees on hand because such cause of action was not included in the claim presented to the administrator.

APPEAL from a judgment of the Superior Court of Riverside County. B. F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Miguel Estudillo, and George A. French, for Appellant.

Sidney J. Parsons, for Respondent.

SHAW, J.—This cause was heretofore before this court on an appeal by the defendant from a former judgment. (*Pearson* v. *McKinney*, 160 Cal. 649, [117 Pac. 919].) Upon that appeal the judgment in favor of the plaintiff was reversed and the cause remanded for a new trial. Afterward, S. J. Parsons was substituted as administrator of the deceased, Hendrick, and the complaint was amended. Thereupon another trial was had resulting in a judgment for the plaintiff in the sum of nine hundred dollars. From this judgment the plaintiff appeals.

The first point urged by the appellant is that the court below erred in sustaining a demurrer to the complaint on the ground that the complaint included several causes of action which were not separately stated. The plaintiff then amended the complaint by stating in separate counts the respective demands claimed to constitute separate causes of action. Having thus removed the objection, and having thus gone to trial upon the complaint as amended, the plaintiff must be deemed to have waived the objection that the demurrer was improperly sustained. (*Gale* v. *Tuolumne Water Co.,* 14 Cal. 28; *Ganceart* v. *Henry,* 98 Cal. 283, [33 Pac. 92].)

The only other point urged in support of the appeal is that the court erred in refusing to allow the plaintiff to introduce evidence in support of damages claimed to have been suffered by reason of the fraud and negligence of the decedent, Hendrick, in carrying out his part of the contract of sale upon which the action was based. In order to make this point clear it is necessary to state the facts.

The original complaint attempted to state a cause of action against the decedent, Hendrick, who was then living, to recover damages alleged to have been sustained by reason of the refusal of Hendrick to deliver to the plaintiff twenty-five thousand budded orange trees sold by him to the plaintiff. The contract of sale was made November 12, 1906, and was in writing. As construed upon the former appeal, it provided that Hendrick was to set out one hundred and fifty thousand seed-bed orange plants sold to him by Pearson, to be delivered to Hendrick before May 15, 1907, cultivate them, bud them when of proper size to varieties of oranges selected by Pearson, and sell twenty-five thousand of them to Pearson during the years 1909, 1910, and 1911, at stated prices. Pearson was to have the option of taking them when

one year old from the bud at thirty cents each, or two years old from the bud at thirty-five cents each. They were to be of a specified size in order to come within the contract. The decision on the former appeal was that in an action by the vendee for breach of the contract of the vendor to sell trees to be budded by the vendor and to be grown under his care for one year or more thereafter, and to a specified size before delivery, it was necessary for the plaintiff to allege and prove that at the time when delivery was demanded the vendor had trees on hand of the kind required by the contract. (160 Cal. 657, [117 Pac. 919].) The complaint contained no allegation that Hendrick had the trees on hand of the proper kinds, size, or age at the time Pearson demanded delivery thereof. It was framed upon the theory that the contract of sale was general, and must be performed by Hendrick, even if he did not have trees of the size and kind required, and that in such a case he would be obliged to go into the market and get them from any source to fill his contract. For this reason it was held to be defective. It alleged demands made in April, May, and June, 1909, for delivery of trees under the contract, and the failure of Hendrick to deliver them. The action was begun on July 1, 1909, immediately after the alleged breach occurred. Before the first trial Hendrick died, and the administrator of his estate was substituted as defendant. It then became necessary for the plaintiff to present to the administrator a claim for the demand sued on before proceeding with the action. The plaintiff presented such claim, stating therein that the estate was indebted to him in the amount claimed in the complaint, as damages for breach of the agreement sued on, as set forth in the complaint in the action, a copy of which was attached to and made a part of the claim. The complaint stated no breach of the contract except the failure to deliver the twenty-five thousand trees in May, June, and July, 1909, as called for. It did not claim damages because of any fraud or negligence of Hendrick resulting in his failing to have on hand the trees necessary to fill the contract at the time of Pearson's demands. (160 Cal. 659, [117 Pac. 919].) After the reversal the plaintiff filed in the court below the amended complaint, in which he set forth that because of Hendrick's fraud and negligence, particularly set forth, Hendrick did not have on hand trees of the proper kinds, size, or age to

fill the orders of Pearson in April, May, and June, 1909. On the second trial the court below was of the opinion that damages for this cause were not included in the claim presented to the administrator and, under the familiar rule, it held that evidence could not be received in support of a demand not included in the claim so presented. (*Lichtenburg v. McGlynn*, 105 Cal. 47, [38 Pac. 541]; *McGrath v. Carroll*, 110 Cal. 79, 84, [42 Pac. 466]; *Etchas v. Orena*, 127 Cal. 588, 593, [60 Pac. 45]; *Morehouse v. Morehouse*, 140 Cal. 94, [73 Pac. 738].) There is no distinction in this respect between claims in support of pending actions, under section 1502 of the Code of Civil Procedure, and claims filed before the action is begun, under section 1500 of the Code of Civil Procedure.

We think the court was correct in its conclusion that the claim presented to the administrator did not include a demand for damages caused by the negligence of the vendor whereby he did not have the trees ready for delivery at the times of the demands. The original complaint proceeded upon the theory that the defendant had the trees ready for delivery but failed to deliver them. It alleged nothing in regard to a breach of the implied contract to properly care for and cultivate the trees. The claim for damages on account of the breach of that part of the contract was, therefore, not included in the claim presented to the administrator, and evidence thereof was correctly excluded.

The allegations of fraud are insufficient and, therefore, it is immaterial whether it was included in the claim presented or not. Pearson gave notice of his selection of the varieties for budding on March 31, 1908. On the former appeal we held that this notice did not give him a right to demand trees budded during April, 1908. The fraud alleged is that Hendrick, after receiving that notice, budded twenty-four thousand five hundred of the trees in April, 1908, that being all that were then large enough to bud; that this was done to prevent Pearson from obtaining trees under the contract. It is not alleged that Pearson had at that time given notice to Hendrick that he would demand trees for delivery in April, May, and June, 1909. Hendrick received one hundred and fifty thousand plants from Pearson, out of which Pearson was to buy, at some time during the years 1909, 1910, and 1911, twenty-five thousand budded trees with an option, not

then exercised, for twenty-five thousand more. The contract did not specify the time of budding the trees. Under its provisions Hendrick was free to bud in April, 1908, all of the trees that were then large enough, provided enough were left to be budded afterward to supply Pearson at some time after April 30, 1909, on which date, as held on the former appeal, he first became entitled to buy trees in pursuance of his selection of varieties on March 31, 1908. It is not disputed that there were plenty of trees left in addition to those budded in April, 1908, to supply all that were to be sold to Pearson during the years specified in the contract. Until he received notice that Pearson would demand deliveries of trees in April, May, and June, 1909, Hendrick was under no obligation to delay the budding of the trees ready therefor in April, 1908, so that they might be budded in May to fill possible orders from Pearson. Hence the budding of twenty-four thousand five hundred trees in April, 1908, violated no right of Pearson, and whether done to prevent Pearson from obtaining the trees budded during that month or not, it did not constitute any fraud against Pearson and evidence thereof was properly rejected.

For the purposes of the case we have assumed that evidence was offered which would have supported the allegations of fraud and negligence. In view of the general neglect of the statutory requirement that the parties shall print in their briefs such portions of the record as they desire to call to the attention of the court (Code Civ. Proc., sec. 953a), we take occasion to say that if it had been necessary to reverse the case for error in the ruling complained of, it is extremely doubtful if we would have been able to consider the point over the objection of respondent that the matter was not properly presented to the court for decision. There is no other point of sufficient importance to merit notice.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.