[Civ. No. 5623. First Appellate District, Division Two.—April 27, 1926.]

In the Matter of the Estate of KATINKA STEUER, Deceased. LAURA JENSEN et al., Appellants, v. MINNIE LARSEN, as Administratrix, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS — CLAIM BASED ON INSTRUMENT IN WRITING—MODE OF PRESENTATION—STATUTE OF LIMITATIONS.— Where a claim against the estate of a deceased person is based upon an instrument in writing, a copy of the instrument must be attached to the statement of the claim and filed therewith, under section 1497 of the Code of Civil Procedure, in order to relieve it from the limitations of sections 339 and 1499 of the Code of Civil Procedure.

[2] ID.—CLAIM FOR SERVICES—STATUTE OF LIMITATIONS.—Under sections 339 and 1499 of the Code of Civil Procedure, a claim against the estate of a deceased person, based on a monthly charge for services rendered the decedent for a period of three years before death, is barred as to that portion covering services rendered beyond the two-year limitation of the statute.

---

(1) 24 C. J., p. 352, n. 1.    (2) 37 C. J., p. 763, n. 15.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank B. Willis, Judge. Reversed.

The facts are stated in the opinion of the court.

Henshaw, Black & Lyders, Eric Lyders and William A. Monten for Appellants.

Wetherhorn, Hoyt & Jones for Respondent.

---

1. See 11 Cal. Jur. 705.

NOURSE, J.—Katinka Steuer died in this state on October 6, 1924, intestate and leaving as her heirs at law four sisters and one brother. One of the sisters, Minnie Larsen, was duly appointed administratrix of the estate, which was of the value of about $3,500. During the course of administration, Christian Larsen, the husband of this administratrix, presented to her his verified claim against the estate, reading as follows: "For board, room and care furnished to Katinka Steuer from November 27, 1920, to November 27, 1923, total thirty-six months at $70 per month—$2520." This claim was in due time approved by the administratrix and allowed by the probate judge. The administratrix then presented her final account, from which it appeared that, after the payment of this claim and the expenses of administration, nothing was left in the estate to be distributed to the heirs. These heirs, other than Minnie Larsen, the administratrix, protested against the allowance of the Larsen claim upon the grounds that a large portion of it was barred by the statute of limitations. These objections were overruled and the account was settled and the decree in accordance therewith was entered. From this decree the heirs of the decedent, other than the administratrix, have appealed.

[1] The sole ground urged on the appeal is that all that portion of the claim which did not cover services rendered within the two-year period was barred by the provisions of section 339 of the Code of Civil Procedure. In this connection attention is directed to section 1499 of the same code, which provides that no claim must be allowed by the executor or administrator or by a judge of the court which is barred by the statute of limitations. These express inhibitions in the statute are conceded by the respondent and the only argument which she makes in support of the decree is that the claim does not appear on its face to be barred and that no evidence was offered to show that the claim was not based upon some instrument in writing sufficient to take it out of the bar of section 339. To the latter point the appellants correctly answer that if the claim were based upon any such instrument it was incumbent upon the claimant, under section 1497 of the Code of Civil Procedure, to attach a copy of the instrument to the

statement of the claim and to file it therewith. In that case the claim must be based on the written instrument. Here the claim is merely "for board, room and care . . . from November 27, 1920, to November 27, 1923, total, thirty-six months at $70 per month," and is based on the legal presumption to pay for services rendered. The case is on all-fours with *Etchas* v. *Orena,* 127 Cal. 588 [60 Pac. 45]. There a claim, in the same form as the above, was presented for services rendered to the deceased "from June 1, 1885, to June, 1895 . . . at $30 a month." In that case the supreme court say (p. 592) : "It appears, therefore, *on the face of the claim* as presented, that all that part of it was barred by the statute except for services that became due on or after January 19, 1894. If barred by the statute of limitations, the claim could not be allowed by the executor or the judge. (Code Civ. Proc., sec. 1499)." (Emphasis ours.)

[2] Here the claim shows plainly on its face that it was a monthly charge for services rendered from November 27, 1920, to November 27, 1923. Because of this fact, it follows as of course that the portion of the claim covering services rendered beyond the two-year limitation of the statute is barred and was improperly allowed by the administratrix and the probate judge. The difference between the indebtedness incurred within the terms of the statute and the amount allowed would, therefore, be available for distribution to the heirs of the decedent and the order settling the first and final account was, therefore, prejudicial to them.

Order reversed, with costs to appellants.

Sturtevant, J., and Langdon, P. J., concurred.