[Civ. No. 10946. Second Appellate District, Division One.—September 11, 1936.]

LEMPI TURELL, Respondent, v. OLGA ANDERSON, as Administratrix, etc., Appellant.

446

Loucks & Phister and MacDonald & Thompson for Appellant.

Rufus C. Porter and Tobias R. Archer for Respondent.

ROTH, J., *pro tem.*—In August, 1929, John W. Granros, deceased, engaged plaintiff to do all the work for the remainder of his life in a hotel operated by him in San Pedro. Deceased proposed that if the plaintiff would work for him as long as he lived he would pay her at the rate of $25 per week compensation therefor. Plaintiff accepted the offer and shortly thereafter, on September 1, 1929, com-

menced to work for him under said agreement, and did so work continuously until his death on May 8, 1935. After the death of the decedent plaintiff continued to work in and care for and conduct said hotel until June 5, 1935, on which latter date she delivered the possession of the hotel premises to defendant as administratrix of the estate of said John W. Granros. Pursuant to the terms of said agreement there was, at the time of the death of Granros, $6,665 unpaid to plaintiff for her services thereunder. Plaintiff also claimed that there was due to her $73 for the reasonable value of services rendered in the operation of said hotel after the death of Granros. Plaintiff presented both of said balances separately in one claim on or about July 1, 1935, to defendant as administratrix. After more than 60 days without any action thereon by defendant, plaintiff commenced this action to recover said balances for said services. Judgment was rendered in favor of plaintiff, from which judgment defendant prosecutes this appeal. The claim, which was made a part of the complaint, presented by plaintiff against the estate of the decedent, averred in part as follows: ''For services rendered the said John W. Granros, at his special instance and request, beginning Sept. 1–1929 and continuing until May 8–1935, the day of his death, at an agreed salary of $25.00 per week— . . . '' ▇ The trial court found that the agreement between plaintiff and decedent for the rendition of such services in taking care of the hotel and looking after decedent was made '' . . . with the understanding and agreement between them during said time, that he would pay her for her said services on or before the termination of said services at or before his death, at the rate of $25.00 per week; that said services terminated on his death on May 8, 1935; . . . ''

The original complaint contained no averment of the nature of the contract other than as is set forth in the claim filed against the estate which was made a part of the original complaint. Plaintiff, however, was permitted to amend her original complaint prior to the rendition of judgment, and in said amendment averred: ''That said services were rendered by Plaintiff to, and at the request of said John W. Granros, and with the understanding and agreement between them, that all of the same would

be paid for by him upon the termination thereof at or before the death of said John W. Granros; . . ."

Defendant's principal contention is that the claim of plaintiff, except for services rendered within two years prior to decedent's death, is barred by the statute of limitations. (Code Civ. Proc., sec. 339, subd. 1.) This contention is woven inextricably with defendant's additional contention that the finding of the trial court (excerpted above) is not supported by the evidence. The issue is necessarily a dual one, because if the agreement between plaintiff and decedent was for a term, at the conclusion of which payment was to be made, then the statute of limitations would not commence to run until the term expired. (*Hagan* v. *McNary,* 170 Cal. 141 [148 Pac. 937, L. R. A. 1915E, 562]; *Mayborne* v. *Citizens T. & S. Bank,* 46 Cal. App. 178 [188 Pac. 1034]; *Warder* v. *Hutchison,* 69 Cal. App. 291 [231 Pac. 563]; *Chapman* v. *Robinson,* 98 Cal. App. 278 [276 Pac. 1081].) If, on the other hand, plaintiff was hired from week to week at $25 per week, then the statute of limitations would apply, as is asserted by defendant. (Civ. Code, sec. 2010; *Etchas* v. *Orena,* 127 Cal. 588 [60 Pac. 45]; *Standing* v. *Morosco,* 43 Cal. App. 244 [184 Pac. 954]; *Estate of Steuer,* 77 Cal. App. 584 [247 Pac. 211].)

The evidence clearly substantiates the finding of the trial court. Olle Selander, a friend of decedent, who at the request of decedent brought plaintiff to him for employment, was present at the time the contract was made, and testified that deceased stated:

"Q. Did he tell her at that time what he would pay her?

"A. Yes. $25.00 a week.

"Q. $25.00 a week. Did he tell her at that time how long he wanted her services?

"A. How long?

"Q. Yes.

"A. Yes.

"Q. How long he wanted her to work for him?

"A. As long as he lived.

"Q. As long as he lived?

"A. Yes."

Said witness also testified:

"Q. And did she go to work for him at $25.00 a week?

"A. Yes.

"Q. How long did Mrs. Turell continue to live there and work there?

"A. Long as he lived."

Another witness, one Oscar Pehrson, testified that deceased had told him: "that he was sorry he could not pay Mrs. Turell her full amount of salary, which was $25.00 a week, on account of the depression and his income from the hotel was very little, but he also stated that she would be well taken care of and that she would be paid in full when her time expired, if something should happen to him, that he had provided that she would receive all that she had coming to her, plus interest— . . ." Hilda King and Ann Kirby, other witnesses, added corroborating statements. There is no dispute that the amount of $6,665 was the balance due to plaintiff on the contract alleged. Neither is there any dispute that the sum of $73 was the reasonable value of the services rendered by plaintiff to the estate of decedent after the death of the decedent. Except for the fact that in the instant case the rate of compensation is fixed and agreed upon, this case is on all-fours with the Mayborne case, *supra,* in which latter case the claim was predicated on a *quantum meruit.* In the Mayborne case the statute of frauds was raised, and the court held that the statute did not apply to an action based upon a *quantum meruit.* (*Mayborne* v. *Citizens T. & S. Bank, supra,* p. 189.) It has, however, been directly held that the statute of frauds does apply to a claim based upon an oral contract for a fixed rate of compensation. (*Hagan* v. *McNary, supra.*) The statute of frauds, however, was not urged at the trial and is not urged on appeal. Contracts within the statute of frauds are not void but voidable. The infirmity inherent in an oral contract may be waived. (*Warder* v. *Hutchison, supra,* p. 295; *Nunez* v. *Morgan,* 77 Cal. 427 [19 Pac. 753].) In our opinion, the evidence does sustain the finding of the trial court that the contract was for a definite term at a fixed rate of compensation. When a contract such as the one in the instant case is made, it is sometimes referred to as a contract for an indefinite term. (*Wax* v. *Adair, ante,* p. 393 [60 Pac. (2d) 904].) Whether such a contract be considered as for a definite or indefinite term, the important

thing is what its provisions are with respect to payment of compensation. If the payment provisions are indefinite or fixed at the end of the term, then the rule announced in the Mayborne case (*supra*) applies. The mere fact that the decedent in this case at different times during the term made advances upon the total sum that would be due upon the expiration of the term of the contract does not change the provision of the contract that payment will not be due until the end of the term. There is no evidence whatsoever that the decedent agreed to pay to plaintiff $25 upon the conclusion of each week. The averments of the claim, the amendment to the complaint, the evidence, and the finding made by the trial court, are entirely consistent with plaintiff's theory that the contract for employment was for a definite term, and that the rate of compensation over the period of said term was fixed at $25 per week. There is nothing in the evidence which compels a conclusion that the compensation was to be paid weekly. Under the familiar rules on appeal, this court is not required to look for any evidence which will sustain a finding contrary to that made by the trial court; if the evidence sustains the finding made our inquiry on the facts must cease. As said in *Hagan* v. *McNary, supra:* "The case comes under the somewhat familiar rule that where services are to be performed for a given period for a stated sum, without any agreement as to when the payment is to be made, and the contract is entire, as it is here, the obligation to pay does not become matured and payment is not due until the services are completely performed." It follows from what has been said that the statute of limitations is not a valid defense to plaintiff's claim. For the reasons given, we likewise hold that there was no variance between the claim as presented by plaintiff against the estate, the complaint, or the amendment to the complaint, and the finding thereon.

Appellant urges as additional cause for reversal that the court erred in declining to grant a motion for a new trial on the ground of newly discovered evidence. The record shows by admission of defendant's counsel that the newly discovered evidence is purely cumulative in its nature. Our Supreme Court said in *Kirschbaum* v. *McCarthy,* 5 Cal. (2d) 191 [54 Pac. (2d) 8, 12]: "The granting of a

new trial upon the ground of newly discovered evidence is largely discretionary in the trial court, and the action of that court will not be disturbed on appeal unless a case of abuse of discretion is clearly disclosed by the record. It should not be granted where the moving party has not shown due diligence in discovering and producing the new evidence, nor where the same is *merely cumulative*.'' (Italics ours.) Furthermore, none of the proceedings with respect to the motion for a new trial and the ruling of the court thereon are printed in appellant's brief. This appeal being by the alternative method, the rule announced in *Jeffords* v. *Young,* 197 Cal. 224, 229 [239 Pac. 1054], applies. In said case the court says: ''It has been reiterated approximately one hundred times in the decisions of this court and of the District Courts of Appeal that it is incumbent upon an appellant who relies upon a typewritten transcript to print in his brief or in a printed supplement thereto sufficient of the record to justify a reversal of the judgment or order appealed from.''

Appellant also urges that the court committed reversible error in admitting in evidence a book in the handwriting of plaintiff and kept by her, containing certain statements as to payments received by her on account of her contract during the life of the deceased, appellant's point in this connection being that the admission of such evidence violated subdivision 3 of section 1880 of the Code of Civil Procedure. It is not argued that the book statements were incorrect. On the contrary, the correctness of said book statements is conceded. Further, it clearly appears from the record that plaintiff merely laid the foundation for the introduction in evidence of the book in question. Inasmuch as the balance due to plaintiff was conceded, the admission of the book and the statements contained therein was entirely unnecessary. Conceding, for the purposes of this decision, the correctness of appellant's assertion in this regard, the admission of the book was harmless error.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 8, 1936, and an

application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 9, 1936.