[Sac. No. 5192. In Bank.—November 16, 1938.]

M. R. SYLER, Respondent, v. HERMANN E. KATZER, as Executor, etc., Appellant.

King & King for Appellant.

T. F. Peterson for Respondent.

LANGDON, J.—Plaintiff brought an action to recover for the value of services performed by him to the decedent, H. G. Halkett, during his lifetime. The complaint alleged an implied contract for services which were to be continuously performed and were so performed from January 1, 1930, until the death of the decedent. (See *Turell* v. *Anderson*, 16 Cal. App. (2d) 445 [60 Pac. (2d) 906].) The answer denied the material allegations and pleaded the statute of limitations and statute of frauds as a defense. The court, sitting without a jury, found that the decedent had requested plaintiff to render such services as he might require continuously for the remainder of his life; that decedent had agreed to pay for them by leaving him all of his estate, or else property or money equal to the reasonable value of the services; that plaintiff rendered the services; that decedent failed to leave property or pay for them; and that the value of the services was $2,820. Judgment in that sum, together with interest was accordingly entered in favor of plaintiff.

The only substantial issue presented by this appeal relates to the sufficiency of the creditor's claim filed by plaintiff. The written claim was filed within the prescribed time, and was treated by plaintiff as rejected after the executor's failure to approve the same within ten days. The claim states that it was ''for services in caring for deceased during his period of illness'' describing the services and listing the amounts due. It is contended by defendant that the claim fails to indicate any contract for continuous services which would call for payment at the end of the period, and constitutes merely a statement of ordinary services, for which payment was due at once. Under defendant's theory, the two-year statute of limitations would apply and constitute a bar to recovery for most of the services, that is, those performed

prior to August 15, 1933, decedent having died on August 15, 1935.

■ The contention is then, that the claim was insufficient in form, and reliance is placed on such cases as *Etchas* v. *Orena,* 127 Cal. 588 [60 Pac. 45], and *Estate of Stuer,* 77 Cal. App. 584 [247 Pac. 211]. Without discussing these in detail, it may be said that there is no necessity that a creditor's claim be drafted with precision and completeness of a pleading. The only requirement is that it state such facts as will apprise the executor or administrator of the amount of the demand. (See *Standiford* v. *Cantrell,* 87 Cal. App. 736 [262 Pac. 800] ; *United States Gypsum Co.* v. *Shaffer,* 7 Cal. (2d) 454 [60 Pac. (2d) 998].) ■ The claim in the instant case clearly called to the attention of the executor the fact of the services, the period during which they were rendered (up to the time of death), and the amount demanded. If any uncertainty remained, it was incumbent upon the executor to call for clarification (*Standiford* v. *Cantrell, supra*) ; ■ and in the instant case defendant did demand and receive a bill of particulars and a copy of plaintiff's book account. No demurrer was filed to the complaint on the ground relied upon herein, and the case was tried on other issues. The present contention appeared for the first time on motion for new trial. Under such circumstances, any formal defects in the creditor's claim must be deemed waived by the trial on the merits. (See *Standiford* v. *Cantrell, supra*; *Merrill* v. *Kohlberg,* 29 Cal. App. 382 [155 Pac. 824].)

No other points require discussion. The judgment is affirmed.

Curtis, J., Waste, C. J., and Shenk, J., concurred.

Houser, J., concurred in the judgment.

EDMONDS, J., Dissenting.—The decision in this case sweeps aside rules long established and which necessarily follow from the code provisions concerning actions against the estates of decedents, reaching a conclusion which is not supported by the authorities cited.

In the first cause of action of his complaint, the plaintiff alleged that the deceased became indebted to him "upon a

book account for work and labor performed and services rendered by plaintiff to said decedent at his special instance and request, continuously during the period commencing January 1, 1930, and ending August 15, 1935, which . . . the decedent promised and agreed to pay to plaintiff upon demand". By a second cause of action the plaintiff alleged: "That on or about the 1st day of January, 1930, the said decedent, Hermann G. Halkett, requested the plaintiff to render services continuously during such part of the remainder of said Hermann G. Halkett's life as he might require; that the said Hermann G. Halkett promised and agreed to pay the plaintiff at the time of his, said decedent's death, by giving, devising and bequeathing to him all of his, said decedent's estate, or in default thereof, that he would give, devise and bequeath to the plaintiff a sum equal to the reasonable value of the plaintiff's services." As a third cause of action it was alleged that in his lifetime the deceased became indebted to the plaintiff in the sum of $2,820 for services rendered by the latter "to said decedent at his special instance and request, which said services were agreed to be and were in fact continuous, from the 1st day of January, 1930, to and including the 15th day of August, 1935, and which said sum of $2820.00 the decedent promised and agreed to pay the plaintiff at the termination of said services or upon demand".

The executor by answer denied all of the allegations of the complaint, and as a separate defense to each cause of action alleged the bar of the statute of limitations prescribed by section 337, subdivision 2, and section 339, subdivision 1, of the Code of Civil Procedure. As an additional defense to the second cause of action the defendant alleged that it is barred by the provisions of section 1971 of the Code of Civil Procedure, which requires the transfers of certain interests to be in writing.

The claim filed by the plaintiff and afterwards sued upon is in the following form:

"Herman G. Halkett to M. R. Syler, Dr.

"For services in caring for deceased during his period of illness, consisting of taking care of all business affairs, cooking and carrying meals to said deceased, daily delivery of

mail, and transporting to and from places desired by deceased, and making all arrangements for medical and hospital care.

| | |
|---|---|
| 1930—12 months at $50.00 per month | $ 600.00 |
| 1931—12 months at $50.00 per month | 600.00 |
| 1932—12 months at $50.00 per month | 600.00 |
| 1933—12 months at $50.00 per month | 600.00 |
| 1934—month of January | 50.00 |
| Feb. to Dec. — 11 months at $20.00 per month | 220.00 |
| 1935—Jan. 1 to Aug. 15, 7½ months at $20.00 per month | 150.00 |
| Interest on above account at 6 per cent per annum | 156.93 |

$2976.93''

There is nothing in this claim to indicate that the services were rendered under a continuing contract which terminated at the death of Mr. Halkett, or that he had agreed to pay the plaintiff for them except on a month to month basis. On its face, all of the amount except that claimed for services rendered within two years of Mr. Halkett's death was barred by the statute of limitations, and under the provisions of section 708 of the Probate Code it could not have been allowed by either the executor or the probate judge. Nor did two bills of particulars filed by the claimant pursuant to the executor's demands therefor give any further information concerning the nature of the claim for which payment was demanded.

It has uniformly been held that the claim filed against an estate measures the right to the claimant's recovery. In other words, the claimant may not recover upon a cause of action not stated in the claim. (*Pearson* v. *Parsons,* 173 Cal. 336 [159 Pac. 1173]; *Morehouse* v. *Morehouse,* 140 Cal. 88 [73 Pac. 738]; *Brooks* v. *Lawson,* 136 Cal. 10 [68 Pac. 97]; *Giles* v. *Reed,* 44 Cal. App. 367 [186 Pac. 614]; *Enscoe* v. *Fletcher,* 1 Cal. App. 659 [82 Pac. 1075]; 11 Cal. Jur. 800.) The leading case on the subject is *Etchas* v. *Orena,* 127 Cal. 588 [60 Pac. 45], decided in 1900 and consistently followed since. The facts there passed upon are practically identical with those now before the court, that case having been brought to recover upon a claim for services alleged to have been rendered to the deceased for a period of ten years prior to her death. In reversing a judgment for the plaintiff, this court

said: "We think that upon the trial the evidence should have been confined to such services as became due under the rejected claims within two years of the death of deceased. It is claimed that the deceased, during her life, made a contract with plaintiff that, in consideration of the services to be rendered, and which it is claimed were rendered, deceased would compensate plaintiff by making provision in her will. No question as to the enforcement or validity of such contract need be here determined. If the plaintiff could maintain such action for a breach of contract to pay for services continued for a period of over ten years, it would be necessary to first present a claim against the estate. (Code Civ. Proc., sec. 1493.) It is argued that such presentation was made in the claim of November 30, 1896, for a balance of twelve hundred dollars, but we do not think so. *The claim presented was simply for services by the month from June 1, 1885, to June 1, 1895. No contract is set forth as to when the wages were to be paid, and in such case the presumption is that the hiring was by the month.* (Civ. Code, secs. 2010, 2011.) (Emphasis added.)

"It appears, therefore, on the face of the claim as presented, that all that part of it was barred by the statute except for services that became due on or after January 19, 1894. If barred by the statute of limitations the claim could not be allowed by the executor or the judge. (Code Civ. Proc., sec. 1499.) The executor therefore had no right to allow any part of the claim for services that became due under the claim as set forth prior to January 19, 1894.

"The claim, as presented and passed upon by the executor, was the foundation of the plaintiff's cause of action. She could not come into court and allege and prove any other or different cause of action from that stated in the claim. The executor was entitled to have the claim presented in sufficiently intelligent form to enable him to pass upon it legally. If it was founded upon a promise or agreement, under the terms of which continuous services were performed, to be paid for at the death of the deceased, the claim should have so stated. It is the policy of the law that all just debts of an estate shall be paid, and that creditors having claims shall duly make out, verify and present them in such manner, and with such statement and vouchers, that the representative of the deceased may allow them if legal, and reject them if in

law they should be rejected. The claim in this case, as founded upon the promise to provide in the will, was contingent upon the failure of deceased to so provide. If the services were performed in consideration of an agreement to compensate for them in the will, no claim could exist against the estate, except one founded upon the fact that such services were performed and no provision made in the will for compensation. The particulars of the claim should have been stated.''

In the later case of *Estate of Steuer,* 77 Cal. App. 584 [247 Pac. 211], the Etchas case was followed and the principles laid down in it were applied to facts substantially the same as those in the present case. The claim there sued upon was for room, board and care of the decedent for ''thirty-six months at $70. per month—$2520''. Discussing the form of the claim, the court said that the portion ''covering services rendered beyond the two-year limitation of the statute is barred and was improperly allowed by the administratrix and the probate judge.''

The decision in the case now before the court is based upon the ground that a creditor should not be compelled to draft his claim with the precision and completeness of a pleading; ''the only requirement'', states the opinion, ''is that it state such facts as will apprise the executor or administrator of the amount of the demand''. *Standiford* v. *Cantrell,* 87 Cal. App. 736 [262 Pac. 800], and *United States Gypsum Co.* v. *Shaffer,* 7 Cal. (2d) 454 [60 Pac. (2d) 998], are cited as authority for these statements. But the claim in the Standiford case was for the ''reasonable value of services in supplying a blood transfusion to said deceased and to damages consequent thereupon''. The defendant executrix contended that the claim as presented limited the plaintiff's recovery to the reasonable value of the services which she rendered and precluded any recovery for damages. No issue based upon the statute of limitations was tendered. The court held that ''the claim as presented fairly covered both provisions of the contract, it being expressly set forth in the claim that the demand was for the reasonable value of the services rendered and for damages consequent thereupon''.

In the other case suit was brought upon an amended claim which the probate court allowed to be filed after the statutory period for filing claims had expired. The administrator con-

ceded that the court has power under certain circumstances to make such an order but he contended that a notice of motion which had been filed within the required time and was relied upon as a claim could not be considered as such, hence there was nothing to amend. The court held that "the code does not state what precise form such a claim shall take, and any notice presented to the executor or administrator which informs him of the outstanding claim *is sufficient at least upon which to base an order permitting an amendment to supply the missing formalities or any deficiencies".* (Emphasis added.) This is far different, however, from holding that a claim in the form sued upon in the case now being considered, is sufficient as the basis for a suit upon a cause of action entirely different from that stated in the claim.

In my opinion the judgment should be reversed.

Seawell, J., concurred.